## STATE v. EARL VAUGHN.

No. A-2823.   Opinion Filed November 9, 1918.

(175 Pac. 731.)

1. ESCAPE—Information—Sufficiency. Information examined and held, allegations thereof are insufficient to charge an offense under section 2198, Revised Laws 1910.

2. FORMER JEOPARDY—Demurrer. Section 5795, Revised Laws 1910, construed, and held, where the trial court sustains a demurrer to an information in a criminal case, and fails to order or direct that a new information be filed charging the same offense, the judgment sustaining the demurrer to the information is final, and the accused may not be subjected to another prosecution for the same offense.

*Appeal from District Court, Greer County;*
*T. P. Clay, Judge.*

Information by the State against Earl Vaughan. From a judgment sustaining a demurrer to the information, the State appeals. Judgment affirmed, and case dismissed.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.   In this case the state of Oklahoma has taken an appeal from the judgment rendered in the district court of Greer county, Okla., sustaining a demurrer to an information filed in said court by the county attorney of said county, the charging part of which is as follows:

"Earl Vaughn did then and there, while duly confined in the state reformatory at Granite, Oklahoma, by virtue of a commitment duly and legally issued out of the district court in and for Canadian county, state of Oklahoma, unlawfully, willfully, and feloniously attempt to escape from same reformatory, by then and there running away from Joe Hackelman, a guard at said reformatory, while he was being returned to the prison from work outside the prison, and before he had returned to within the prison walls."

No appearance has been entered, or brief filed, in behalf of the defendant in error, and the court is not advised as to the particular ground, or grounds, upon which the district court based its judgment sustaining the demurrer to the foregoing information.   This court has in the past entertained appeals by the state from the action of the lower court in sustaining demurrers to informations. *State v. Zanger,* 9 Okla. Cr. 123, 130 Pac. 1107; *State v. Brown,* 10 Okla. Cr. 52, 133 Pac. 1143; *State v. Carter,* 2 Okla. Cr. 706, 103 Pac. 1042; *State v. Johnson,* 13·Okla. Cr. 133, 161 Pac. 821.

The particular sections of the statute forming the basis of this prosecution which are necessary to be considered in connection with the question of the sufficiency of the information are as follows:   Section 2198, Rev. Laws 11910, provides:

"Any prisoner confined in the penitentiary for a term less than for life, who attempts by force or fraud, although unsuccessfully, to escape from such prison, is guilty of felony."

Section 2200, Rev. Laws 1910, provides:

"Any prisoner confined in any other prison than the penitentiary, who attempts by force or fraud, although unsuccessfully, to escape therefrom, is punishable by imprisonment in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

It is apparent from the foregoing statutes that an attempt to escape by force or fraud on the part of a prisoner confined in the penitentiary for a term less than for life is a felony, and of such offense the district court would have jurisdiction. On the other hand, an attempt to escape from any other prison by such means would only be a misdemeanor, which the district court would not have jurisdiction to try. The question then arises as to whether or not the Oklahoma state reformatory is such a prison as is included within the term "the penitentiary," as provided in section 2198, *supra*. If so, then the district court would have jurisdiction to try prisoners charged with attempt to escape from the state reformatory by force and fraud committed by prisoners confined therein for a term less than for life.

Section 2198 is carried into the Revised Laws of 1910 from the territorial statutes. At the time of its adoption the territory of Oklahoma had no such institution as the Oklahoma state reformatory. The said institution is a creature of the first state Legislature and the act creating it is found in article 9 of chapter 68, Rev. Laws 1910. Among other provisions of said act, discretion is granted to the courts sentencing persons to imprisonment for fel-

onies to impose imprisonment either within the Oklahoma state reformatory, or the state penitentiary, where such convicted persons are at the time of conviction between the ages of 16 and 25 years; also it is provided that the board of prison control may transfer prisoners from the state penitentiary to the state reformatory, or from the reformatory to the state penitentiary. See sections 7126, 7129, and 7130, Rev. Laws 1910.

The discretion conferred upon trial courts to confine felons either within the state penitentiary, located at McAlester, or within the state reformatory, located at Granite, and to permit the board of control of said institutions to transfer prisoners from one of said penal institutions to the other, has become the settled policy of the Legislature (see chapter 57, Session Laws 1915; chapter 211, Session Laws 1917), and indicates clearly that the establishment of the penal institution known as the Oklahoma state reformatory was the establishment of nothing more nor less than a penitentiary for the confinement of those persons who might thereafter be convicted of felonies. It is our opinion, therefore, that the allegation in the charging part of the foregoing information that the accused was "confined in the state reformatory at Granite, Oklahoma," is sufficient to designate a confinement in the state penitentiary, within the meaning of section 2198, *supra,* and attempts to charge the commission of a felony sufficiently to give jurisdiction to the district court to try said offense, provided the information is in other respects sufficient under said statute.

We now pass to the question of whether or not said information sufficiently charges an offense under said section 2198. In this connection it is to be noted that one of the material elements of the crime defined is that the

prisoner who attempts to escape must be confined for a term less than for life; otherwise, there is no offense. The information wholly fails to allege the length of term for which the accused was committed, nor is the commitment copied into the information, nor made a part thereof in any way. In this respect it is our opinion that the information is fatally defective. Also it is to be noted that the prisoner who attempts to escape must do so, under the terms of said statute, either by force or fraud, or by a combination of force and fraud. The information does not allege that the attempted escape was forcibly or fraudulently made, except by the mere allegation that the prisoner "ran away" from the guard. Of course, such an allegation would indicate the use of force to some extent, or fraud might have been employed to that end. In order to make the information more perfect as a pleading for the offense, the pleader should have stated facts showing the circumstances under which the attempted escape was made. In other words, if force was employed against the guard who had custody of the prisoner, in order to effect an attempted escape by running, such facts should have been stated, or if fraud was employed, so as to direct the attention of the guard away from the prisoner and permit his attempted escape by running away, such facts and circumstances should have been alleged, so as to be apparent to the court that the terms of the statute were violated, and that the attempted escape was not made with the knowledge, consent, or connivance of the guard in whose custody the prisoner was at the time. The prisoner might have attempted to run away without the use of force or fraud upon the guard, or he could have attempted to run away with the consent of the guard, and have been captured by other persons before his escape was completed.

It is our opinion, therefore, that the information does not charge an offense within the meaning of section 2198, *supra,* and the judgment of the trial court sustaining the demurrer thereto is affirmed.

Attention is called to the fact that section 5795, Rev. Laws 1910, provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indict-ment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

Sections 5796 and 5797 also provide:

"If the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

"If the court direct that the case be further prosecuted, the same proceedings must be had thereon as are prescribed in this article."

In this case the trial court did not order a new information to be filed against the defendant. It is our opinion, therefore, that the judgment sustaining the demurrer to the information is final, and that the accused may not now be subjected to another prosecution for this same offense. *Ex parte Hayter,* 16 Cal. App. 211, 116 Pac. 370; *People v. Jordan,* 63 Cal. 219; *State v. Crook;* 16 Utah, 212, 51 Pac. 1091; *State v. Comfort,* 22 Minn. 271; *Johnson v. Territory,* 5 Okla. 695, 50 Pac. 90. It is our opinion, therefore, that the information in this case having attempted to charge a felony, and the court having not

ordered that a new information be filed, the attempted prosecution is at an end, and the cause must be dismissed.

The case of *Ex parte Dodson*, 3 Okla. Cr. 514, 107 Pac. 450, is not in conflict with this conclusion, because in that case the prosecution was by indictment for a misdemeanor, and the cause was transferred to the county court, which court had no authority, after sustaining the demurrer to the indictment, to direct that the cause be submitted to the same or to another grand jury, while the district court has authority to do so. At the time the Dodson Case was decided, also there was no provision authorizing the trial courts to direct that a new information be filed, properly charging the offense.

For the reasons stated, the judgment is affirmed, and the case dismissed.

DOYLE, P. J., and ARMSTRONG, J., concur.