### STATE v. J. B. A. ROBERTSON.

No. A-4797.   Opinion Filed Nov. 21, 1924.

(230 Pac. 932.)

(Syllabus.)

1. **Appeal and Error—Attorney General's Right to Dismiss State's Appeal.** The right of the Attorney General to dismiss an appeal by the state where no question is involved other than a reserved question of law, will not be denied by this court except in instances where to dismiss the appeal some harm might accrue to the state's interest, or where it is apparent to the court that the question reserved is of such importance as to demand a decision by the court.

2. **Same—Right of State to Appeal from Order Sustaining Demurrer to Indictment or Information—When Mere Question of Law Reserved.** The state has the right to appeal from an order sustaining a demurrer to an indictment or information. Such an appeal reserves for decision only a question of law where the indictment or information is dismissed and the defendant discharged without direction or permission by the trial court to amend the information or that the indictment be submitted to that or another grand jury.

3. **Same—No Authority in Attorney General to Dimiss Appeal Where Cause Still Pending Below as to Other of Joint Defendants.** Where on an appeal by the state from an order sustaining a demurrer to an indictment, discharging a defendant, dismissing the cause, and denying to the county attorney the right to resubmit the cause to another grand jury, it appears that the cause is still pending in the lower court undetermined as to one of the defendants jointly charged, the Attorney General will not be permitted to dismiss the appeal without some expression by this court on the question of the sufficiency of the indictment to charge, generally, a crime against the laws of the state.

4. **Same—Where Defendant's Discharge Complete Bar to Subsequent Prosecution, Sufficiency of Indictment Immaterial.** Whether or not the indictment stated a crime against the defendant, who was discharged, is not decided and is not of material importance to the state, as under the statutes as they now exist the state has no charge pending against him in the lower court, as his discharge, under the circumstances herein set out, constituted a complete bar to any subsequent prosecution against him for the same alleged offense.

Appeal from District Court, Pontotoc County; Hal Johnson, Assigned Judge.

J. B. A. Robertson and another were indicted for offense of receiving and accepting a certain gift and reward while acting as Governor and as Bank Commissioner, respectively. A demurrer of said Robertson to the indictment was sustained, and said defendant discharged, and the State appeals. On motion to dismiss appeal. Appeal dismissed.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   On the 21st day of March, 1922, a grand jury returned into the district court of Okmulgee county, Okla., an indictment charging defendant in error and one Fred G. Dennis, while acting as Governor of the State of Oklahoma, and bank commissioner, respectively, with receiving and accepting a certain gift and reward from the managing officer of an insolvent state bank to permit the said bank to continue to do a banking business while in a state of insolvency.   On the same day the defendant in error was arrested upon said charge and was released on bond.

Thereafter on the 11th day of November, 1922, there was filed in said cause in the district court of Okmulgee county a petition for a change of venue, which was granted to the defendant in error, and the cause sent for trial to Pontotoc county, Okla.   The transcript of the proceedings in the said cause was filed in the district court of Pontotoc county, Okla., on the 17th day of November, 1922.   Thereafter on the 27th day of November, 1922, the defendant in error, through his attorneys, interposed a demurrer to said indictment on numerous grounds which are unnecessary to incorporate herein. Thereafter on the 12th day of December, 1922, the regular district judge of the Seventh judicial district certified his disqualification to sit in the case.   It appears from the record that thereafter on the 6th day of February, 1923, the acting chief justice of the Supreme Court assigned Hon. Hal Johnson, regular judge of the Tenth judicial district, to hold district court in Pontotoc county for a period of one week, beginning on Monday, February 12, 1923; that thereafter on the 12th day of February, 1923, before such assigned district judge, the defendant in error asked permission to withdraw his plea of not guilty and to refile his demurrer to the indictment, which permission was granted and the cause set for hearing on February 12, 1923; that thereafter on February

13, 1923, the court sustained the demurrer to the indictment, discharged the defendant and exonerated his bond, to which action the state excepted and gave notice in open court of its intention to appeal to the Criminal Court of Appeals and asked time in which to make and serve the case-made. Whereupon the clerk was directed by the court to note said notice of appeal on the trial docket, and the state was allowed 60 days in which to make and serve case-made, and the defendant in error 10 days thereafter to suggest amendments, and the same to be signed and settled on 5 days' notice by either party. That on said date the court filed and recorded in said cause a journal entry of its judgment, which appears in full in the motion of the Attorney General to dismiss this appeal. Thereafter it appears from the record that there was filed in said cause written notices of appeal, which were served upon the defendant J. B. A. Robertson and upon L. E. Franklin, court clerk of Pontotoc county. Thereafter on the 8th day of March, 1923, a case-made was served upon one of the attorneys for the defendant in error, and it appears that thereafter on the 1st day of August, 1923, the case-made was certified to by Hon. Hal Johnson, assigned district judge, as a full, true, complete, and correct case-made, and the case-made and petition in error were filed in this court on the 9th day of August, 1923.

The Attorney General has filed a motion to dismiss the state's appeal herein, which said motion is as follows:

"Now comes George F. Short, the duly qualified and acting Attorney General in and for the state of Oklahoma, and respectfully shows to the court that there was filed in this court on the 9th day of August, 1923, a pretended petition in error in the above styled cause which petition in error is in words and figures as follows, to wit:

" 'Comes now the state of Oklahoma, represented by Grant Gillispie, county attorney of Okmulgee county, plaintiff

in error, and complains of J. B. A. Robertson, defendant in error, and says that at a special January, 1923, term of the district court of Pontotoc county, state of Oklahoma, and on the 13th day of February, 1923, being one of the regular days of the said special term, the defendant in error recovered a judgment by the consideration of which a judgment was rendered in favor of the defendant in error and against the plaintiff in error, sustaining a demurrer to a certain indictment then and there pending in said district court of Pontotoc county, and it was ordered that said indictment be dismissed and the defendant discharged from custody, and that a certain bail bond, into which the defendant in error formerly entered, be exonerated, and that his bondsmen thereon be discharged. And it was further ordered that the said indictment be not referred to the county attorney of Okmulgee county for any further action; said judgment further provided that the said defendant in error, J. B. A. Robertson, be discharged and not held to answer said indictment. Then in said cause the state of Oklahoma was plaintiff in error and the said J. B. A. Robertson was defendant in error and was in said indictment duly charged of the crime of accepting a bribe; that all of said matters and facts are more fully set out in the transcript or case-made hereto attached and marked "Exhibit A" and made a part of this petition in error, in which your petitioner states that there is error in said record and proceedings in this, to wit:

" '(1) That the court erred as a matter of law and in the abuse of his discretion by permitting the defendant in error to withdraw a plea of "not guilty" and to have filed and refiled the demurrer on which this judgment was entered, to all of which the plaintiff in error duly excepted.

" '(2) That the court erred in sustaining the demurrer to said indictment and in rendering judgment holding that said indictment did not charge the defendant in error of the commission of public offense, to all of which the plaintiff in error duly excepted.

" '(3) That the court erred in dismissing the indictment heretofore referred to, to all of which the plaintiff in error duly excepted.

" ' (4) That the court erred in discharging the defendant in error from the duty and obligation of his bail bond and in exonerating his bondsmen, to all of which the plaintiff in error duly excepted.

" ' (5) The court erred in adjudging that the facts stated in the indictment could not form the basis of a prosecution and a new indictment, to all of which the plaintiff in error duly excepted.

" ' (6) That the court erred in adjudging that said indictment be not referred to the county attorney of Okmulgee county for further action, to all of which the plaintiff in error duly excepted.

" 'Whereupon, premises considered, the plaintiff in error prays that said judgment so rendered be reversed, set aside, and held for naught, and that a judgment be rendered in favor of the plaintiff in error, and the plaintiff in error be restored to all of the rights that he has lost by reason of the rendition of the said judgment and to all and further relief that the plaintiff in error may show itself justly entitled. State of Oklahoma by Grant Gillispie, County Attorney of Okmulgee County. Robt. Wimbish, Attorney for Plaintiff in Error.'

"That the transcript of the record in said cause attached to said petition in error contains the following journal entry:

" 'Journal Entry.

" 'Now on this 13th day of February, 1923, the above cause comes on to be heard, said cause having been duly continued to this day from the 12th day of February, 1923, and on this date, said cause coming on to be heard on the demurrer refiled herein by defendant, the state appeared by Grant Gillispie, county attorney of Okmulgee county, and Robt. Wimbish, defendant appeared in person and by his attorneys, J. D. Lydick and others. Thereupon attorneys for defendant present said demurrer, and after full argument by attorneys for defendant and attorneys for the state, the court, being fully advised in the premises, finds that the demurrer of the defendant should be sustained, and that defendant should be discharged and that defendant's bond should be exonerated.

" 'Wherefore it is considered, ordered, and adjudged by the court that the demurrer of defendant to the indictment herein presented be sustained, that said indictment be dismissed, that defendant, J. B. A. Robertson, be discharged, and that the bond and bondsmen of said defendant be exonerated, and that defendant go hence without day and without cost. The court having found that the facts stated in said indictment cannot form the basis for a new indictment, the court orders that said indictment be not referred to the county attorney of Okmulgee county for further action.

" 'To all of which the state of Oklahoma, by the county attorney of Okmulgee county, excepts and gives notice in open court of his appeal to the Criminal Court of Appeals of the state of Oklahoma, and is given 60 days to make and serve case-made, and the defendant 10 days after service of case-made within which to suggest amendments, and said case-made to be signed and settled upon 5 days' notice in writing by either party.

" 'Hal Johnson, Assigned District Judge.'

"The court's attention is respectfully called to the case of State of Oklahoma v. Vaughn, recently decided by this court and reported in 15 Okla. Cr. 187, 175 Pac. 731, in which it was held that in order to form the basis and foundation for an appeal by the state from an order dismissing an indictment or an information, the trial court must direct the county attorney to resubmit the same to a grand jury, or file a new information, and it is to be noted that in the judgment herein the court not only failed to make that order, but specifically directed the county attorney of Okmulgee county to not file a new information or indictment.

"Upon the authority above cited, we, therefore, move the court to dismiss the pretended appeal filed herein. All of which is respectfully submitted.

"George F. Short, Attorney General.
"N. W. Gore, Asst. Atty. Gen."

The motion of the Attorney General to dismiss this appeal is sustained. Upon the authority of State v. Vaughn,

cited in the motion of the Attorney General to dismiss the appeal, it is apparent from the citations therein contained, and from the holdings in that case, which has been followed uniformly in numerous subsequent opinions of this court, that so far as this defendant in error is concerned, this prosecution as to him is ended. The right of the Attorney General to dismiss an appeal by the state where no question is involved other than a reserved question of law will not be denied by this court except in instances where to dismiss the appeal some harm might accrue to the state's interest, or where it is apparent to the court that the question reserved is of such importance as to demand a decision by the court. For that reason it has been deemed expedient in this instance for the court to state that the permission given the Attorney General to dismiss this appeal should not be construed to mean that the court holds that the demurrer to the indictment should have been sustained. This court expressly does not so hold. On the contrary, we deem it advisable to state that from the examination this court has made of the indictment it is of the opinion that the same generally states a crime against the law of the state.

Whether or not the indictment states a crime as against this defendant in error is not of material importance to the state, as under the statutes as they now exist the state has no charge pending against him, as the judgment rendered in this case by the trial court constituted a complete bar to any subsequent prosecution against him for the same alleged offense.

As to his codefendant, a different situation exists. The cause is still pending against the codefendant, Fred Dennis, in the lower court, and the status of the case as to him is not before this court. That the state has the right to appeal from an order sustaining a demurrer to an indictment or information has repeatedly been held by this court. State v. Carter,

2 Okla. Cr. 706, 103 Pac. 1042; State v. Zanger, 9 Okla. Cr. 123, 130 Pac. 1107; State v. Brown, 10 Okla. Cr. 52, 133 Pac. 1143; State v. Johnson, 13 Okla. Cr. 133, 161 Pac. 821. That such an appeal only reserves for decision a question of law where the indictment or information is dismissed and defendant discharged, without direction or permission by the trial court to amend the information, or that the indictment be submitted to that or another grand jury, has also been heretofore held. State v. Vaughn, supra. This court does not say, nor does it by what has here been said intend to intimate, that either this defendant in error or his codefendant is guilty of the offense charged.

It is important, however, in view of the fact that this cause is still pending and undetermined against the codefendant in the lower court, that that court be advised to some extent as to what this court thinks of the sufficiency of this indictment to charge, generally, an offense against the laws of the state. On the other hand, it would eminently be unfair to the codefendant for this court to, in this appeal, preclude the codefendant of a day in this court on the question of the sufficiency of this indictment.

Whether counsel representing him will attack the sufficiency of the indictment as to him in the lower court, and upon the same grounds, and for the same reasons urged by the defendant in error, is, of course, speculative. He may have other grounds and other reasons that do not now appear to this court that may be called to the attention of this court if the case as to him reaches this court on appeal, that then may convince the court that the indictment as to him is insufficient, but such will not be the holding of this court where permission is granted to the Attorney General to dismiss the appeal, and the appeal is dismissed without a full presentation of the legal questions reserved, supported by argument and

the citation of authority sufficient to convince this court that the indictment as a whole is insufficient as to both defendants.

As heretofore stated, without the benefit of such a presentation of the questions involved, this court is impressed with the opinion that the indictment is sufficient, generally, to state a crime, and with such expression of opinion the court permits the Attorney General to dismiss the appeal. Such disposition of the appeal cannot work to the substantial detriment of either the state or the codefendant, who are each entitled to a day in this court as to the sufficiency of this indictment; the appeal is dismissed on the motion of the Attorney General.

BESSEY and DOYLE, JJ., concur.