STATE v. FRED G. DENNIS.

No. A-4011.   Opinion Filed Nov. 29, 1924.

(230 Pac. 935.)

(Syllabus.)

1.   Appeal and Error—Defective Notice of Appeal Cured by Appearance of Appellee. Where the defendant in error enters a general appearance in this court he will not be heard to complain that the notice of appeal was defective.

2.   Indictment and Information—Demurrer on Ground that no Information Count Sufficient Overruled, if Any One Count Sufficient. Where an attempt is made to state four separate offenses in an information in four separate counts and the information is attacked by demurrer on the sole ground that none of the counts state facts sufficient to constitute a public offense, such demurrer should be overruled if any one or more of the counts sufficiently states a public offense.

3.   Appeal and Error—Indictment and Information—When and from What State May Appeal—Nature and Effect of Appeal from Judgment Quashing Information as Dependent on Whether Defendant Discharged. In a criminal case the state may appeal to this court: First, from a judgment setting aside an indictment or information; Second, upon an order of court arresting judgment; and, third, upon a question reserved by the state. Where the judgment quashing or setting aside the information contains an order discharging the defendant, the appeal from the judgment is upon a question reserved by the state, for the reason that the defendant has been discharged and cannot be compelled to respond to any further orders in the proceeding, when so discharged the case as to him is at an end. The appeal then is on a naked question of law. But if the defendant be not ordered discharged, he must abide the further orders of this court on appeal, as well as any subsequent proceedings in the case in the trial court.

4.   Cases Distinguished. This case distinguished from the case of State v. Robertson, 28 Okla. Cr. 234, 230 Pac. 932. In the Robertson Case the information was held good by this court, but the

defendant could not be required to answer to the information thereafter because the trial court had ordered him discharged and the question appealed from was merely a reserved question of law. In this case the defendant was not so discharged, and must therefore abide the further orders and decisions of this court on appeal, and of the trial court pending subsequent proceedings.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Fred G. Dennis was informed against for corruption in office, and from an order sustaining a demurrer to the information the State appeals. Reversed, with directions.

The Attorney General, N. W. Gore, Asst. Atty. Gen., and E. N. Holland, Co. Atty., and Wylie Snow, Asst. Co. Atty., for the State.

Trice & Davison and D. H. Linebaugh, for defendant in error.

BESSEY, J. This is an appeal by the state of Oklahoma from an order of the district court of Coal county, sustaining a demurrer to an information charging the defendant in error, Fred G. Dennis, with corruption in office.

We are first confronted with a motion to dismiss the appeal filed by the defendant in error, alleging that no notice of appeal was served upon the defendant in error in the trial court, and no proof made that the defendant in error could not be found within Coal county; that it does not appear that notice of appeal was posted for three weeks in the office of the court clerk, as provided by law; that no summons in error has been issued or served, and that neither the defendant in error nor his attorneys have waived the issuance and service of such summons.

Omitting the caption, the record relating to notice of appeal is as follows:

"Notice of Appeal.

"Fred G. Dennis, and George Trice and D. H. Linebaugh, his Attorneys of Record: You and each of you will take notice that the state of Oklahoma will appeal to the Criminal Court of Appeals of Oklahoma from the order of the district court of Coal county, entered on the 8th day of March, sustaining a demurrer to the information filed in this case. You will govern yourselves accordingly. E. N. Holland, County Attorney."

"Service of the above notice on this the 21st day of May, 1921. George Trice, Attorney for Defendant."

"I hereby certify that a copy of the above notice was served upon me in this case the 18th day of May, 1921, and that a copy of the same was duly posted in my office in Coalgate, Oklahoma, on the same date. Arthur Reese, Court Clerk, Coal County, Oklahoma."

Indorsed: "No. 1117. Filed May 21, 1921. Arthur Reese, Court Clerk, Eda Bonino, Deputy."

It will be noted that the court clerk certified that a notice was duly posted. It also appears that service of the notice was accepted by one of the attorneys for the defendant. This would seem to be justification for holding that the defendant in error was absent from the county and the declaration that the notice was "duly posted" imports that it was posted for three weeks, as the law required.

The motion to dismiss the appeal should be denied for another reason; that defendant in error, by his attorneys, has entered his appearance in this court in the form of a stipulation between the parties to correct the journal entry made in the court below. The charging part of the information in this case, and the several counts therein, is as follows:

"Count No. 1. That Fred G. Dennis, in the county and state aforesaid, on the days and year aforesaid, being the duly qualified and acting state bank commissioner, in and for

the state of Oklahoma, and while acting in his official capacity as state bank commissioner in and for said state of Oklahoma, and having under his supervision as such official the Citizens' State Bank of Coalgate, Coal county, Okla., a corporation organized and then and there existing under the laws of the state of Oklahoma, and as such corporation engaged in a general banking business at Coalgate, in said county and state, did willfully; corruptly, knowingly; fraudulently, and feloniously permit and connive at the receiving and accepting of deposits of money, checks, and drafts by the Citizens' State Bank of Coalgate, Coal county, Okla., and which said Citizens' State Bank of Coalgate, Coal county, Okla., was insolvent at the time said deposits of money, checks and drafts were received and accepted as aforesaid, and the said Fred G. Dennis knew that the Citizens' State Bank of Coalgate, Coal county, and state of Oklahoma was insolvent at the time of receiving and accepting said deposits of money, checks, and drafts aforesaid, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

"Count No. 2. That Fred G. Dennis, in the county and state aforesaid, on the day and year aforesaid, while acting in his official capacity as state bank commissioner of the state of Oklahoma, and having under his supervision as such official, as by law provided, the Citizens' State Bank of Coalgate, Coal county, Okla., a corporation organized and then and there existing under the laws of the state of Oklahoma, and as such corporation then and there engaged in the general banking business at Coalgate, in said county and state aforesaid, did wilfully, wrongfully, unlawfully, knowingly, corruptly, and feloniously, and with the fraudulent and felonious intent on the part of him, the said Fred G. Dennis, to cheat and defraud one C. E. Towery and other persons unknown to the county attorney, receive and accept and permit to be received and accepted in said Citizens' State Bank of Coalgate, Coal county, Okla., deposits, with and without interest, of lawful money of the United States of America from the said C. E. Towery, or more than $400 and other sums of money unknown to the county attorney from persons unknown to the county attorney, and which said Citizens' State Bank of Coalgate, Coal county,

Okla., was insolvent at the time said deposits were received and accepted and permitted to be received and accepted as aforesaid, and the said Fred G. Dennis knew that the said Citizens' State Bank of Coalgate, Coal county, Okla., was insolvent at the time he received and accepted said deposits and permitted said deposits as aforesaid to be received and accepted, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

"Count No. 3. That Fred G. Dennis, in the county and state aforesaid, on the day and year aforesaid, while acting in his official capacity as state bank commissioner in and for the state of Oklahoma, and having supervision as such state bank commissioner of the Citizens' State Bank of Coalgate, Coal county, Okla., and having full knowledge that S. A. Maxwell, president of said Citizens' State Bank, aforesaid, had committed the crime of forgery by forging a certain note of ninety-four hundred ninety dollars and without knowledge or consent from one John Paris signing his name to same, said note being in words and figures as follows, to wit:

"'Coalgate, Okla., May 10, 1920.

"'On demand, after date, without grace, for value received I, we, or either of us, promise to pay to the order of the Citizens' State Bank ninety-four hundred ninety dollars, with interest at 10 per cent. per annum from date until paid. The makers and indorsers of this note hereby severally waive presentment for payment, notice for nonpayment, protest and notice of protest, and consent that the time of payment may be extended without notice thereof. Appraisement and all exemptions are waived. If suit be instituted we agree that judgment be rendered for 10 per cent. additional as attorney's fees, and we hereby give full authority to said Citiens' State Bank, or its assigns, to sell any collateral security assigned or attached at public or private sale without notice of nonpayment of this note.

"'This note is secured by                    John Paris.

"'P. O. Address—City.'

"And the said Fred G. Dennis, having full knowledge of the aforesaid forged note, and having full knowledge that the same was forged by S. A. Maxwell, and that the said S. A. Maxwell, at the time, was president of the Citizens' State Bank, aforesaid, and having possession of said forged note aforesaid, the said Fred G. Dennis, did knowingly, wrongfully, willfully, unlawfully, and feloniously, corruptly, and fraudulently suppress and conceal said forgery of the said S. A. Maxwell, president of the Citizens' State Bank aforesaid, from the county attorney of Coal county, Okla., and refuse and neglect to inform the said county attorney of the said county and state of said crime of forgery committed by the said S. A. Maxwell, president of the Citizens' State Bank aforesaid, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state.

"Count No. 4. That Fred G. Dennis, in the county and state aforesaid and on the day and year aforesaid, while acting in his official capacity as state bank commissioner of the state of Oklahoma and having under his supervision, as by law provided, the Citizens' State Bank of Coalgate, Coal county, Okla., and having full knowledge of certain crimes of forgery and embezzlement committed by one S. A. Maxwell, while the said S. A. Maxwell was president of the aforesaid Citizens' State Bank of Coalgate, Coal county, Okla., and the said Fred G. Dennis, having full knowledge that the said S. A. Maxwell, while president of said Citizens' State Bank of Coalgate, Coal county, Okla., had forged to notes the names of J. L. Bowen, J. B. Bowen, J. Harrison White, J. M. Hayes, C. S. Johnson, Mrs. J. W. Hurst, Jas. H. White, B. F. White, Fred F. Yockstick, R. R. Rogers and other persons unknown to the county attorney, for large sums of money, the exact amount of which is unknown to the county attorney, said notes having been in the possession of the said Fred G. Dennis, and the said Fred G. Dennis having full knowledge that the said S. A. Maxwell, acting as the president of the said Citizens' State Bank of Coalgate, Coal county, Okla., had embezzled from the funds of said Citizens' State Bank of Coalgate aforesaid, the sums of money evidenced by the forged notes aforesaid, and which sum was great, but the exact amount of which is unknown to the county

attorney, and being in full possession of all the facts and having full knowledge of the aforesaid forgeries and embezzlements, the said Fred G. Dennis, did willfully, knowingly, unlawfully, wrongfully, feloniously and corruptly suppress from the county attorney of Coal county, Okla., all of said forgeries and embezzlements, and did unlawfully, willfully, wrongfully, feloniously, and corruptly conceal, fail, refuse, and neglect to report or inform the county attorney of Coal county, Okla., of such forgeries and embezzlements of the said S. A. Maxwell, while the said S. A. Maxwell was acting as president of the said Citizens' State Bank of Coalgate, Coal county, Okla., as aforesaid, all of such acts and omissions on the part of him, the said Fred G. Dennis, being contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

"E. N. Holland,

"County Attorney, Coal County, Okla."

This information was challenged by a demurrer, as follows:

"Comes now the defendant, Fred G. Dennis, by his attorneys, and demurs to the information filed herein, and each and every count thereof, and for grounds for said demurrer says:

"First. That the facts stated do not constitute a public offense.

"Second. That the facts stated in count No. 1 of said information do not constitute a public offense.

"Third. That the facts stated in count No. 2 of said information do not constitute a public offense.

"Fourth. That the facts stated in count No. 3 of said information do not constitute a public offense.

"Fifth. That the facts stated in count No. 4 of said information do not constitute a public offense."

That portion of the order of the court sustaining this demurrer, in so far as it affects the questions involved in this appeal, is as follows:

"It is therefore ordered, decreed, and adjudged by the court that the demurrer to said information, and to each several count thereof, be and the same is hereby sustained."

A part of the order following, as shown by the amended case-made, is as follows:

"To which the state excepts, and the county attorney of Coal county is granted permission by the court to amend his present information, or to file a new information. The county attorney refuses to amend his information or to file a new information, and elects to stand on the demurrer, excepting to the ruling of the court, and reserving the question of the court's action in sustaining the demurrer as a question for appeal."

A careful reading and analysis of the first count of the information quoted convinces the court that the demurrer as to that count was well taken and was properly sustained, as not stating facts sufficient to constitute a public offense, for the reason that the allegations are, for the most part, conclusions and not statements of specific facts, and the facts which are stated are not sufficient to intelligently inform the accused of the overt acts constituting an offense.

It is the opinion of the court that count No. 2 states a public offense, under the provisions of section 4128, Comp. Stat. 1921, which is as follows:

"No bank shall accept or receive on deposit, with or without interest, any money, bank bills or notes, or United States Treasury notes, gold or silver certificates, or currency, or other notes, bills, checks, or drafts, when such bank is insolvent; and any officer, director, cashier, manager, member, party, or managing party of any bank who shall knowingly violate the provisions of this section, or be accessory to or permit or con-

nive at the receiving or accepting of any such deposit, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $5,000, or by imprisonment in the penitentiary not exceeding five years, or by both such fine and imprisonment.''

Under this section of the statutes the bank commissioner, in charge of the state banks, was a ''manager'' or a ''party or managing party,'' within the meaning of the statute and should be held amenable to its penal provisions upon proof of its violation by him, or upon a .showing that he knowingly aided and abetted others in its violation.

The court is of the opinion that counts 3 and 4 of the information state facts sufficient to constitute punishable offenses. The offenses stated in these counts are predicated upon sections 4233, 4234, and 4139, Comp. Stat. 1921 (Session Laws 1908-09). These sections read as follows:

''Sec. 4233. Any bank commissioner or assistant bank commissioner who shall neglect to perform any duty herein provided for, or who shall make any false statement concerning any bank, or who shall be guilty of any misconduct or corruption in office, shall, upon conviction thereof, be deemed guilty of a felony, and punished in the manner herein provided, and in addition thereto shall be removed from office.

''Sec. 4234. It shall be the duty of the bank commissioner to inform the county attorney of the county in which the bank is located of any violation of any provision of this chapter constituting a misdemeanor or felony by the officers, owners, or employees of any bank; and upon receipt of such information the county shall institute proceedings to enforce the provisions of this chapter.''

''Sec. 4139. Every banker, officer, employee, director, or agent of any bank who shall neglect to perform any duty required by this chapter, or who shall fail to conform to any lawful requirements made by the bank commissioner, shall be deemed guilty of a felony, and, upon conviction thereof, shall

be punished by a fine not to exceed $1,000, or by imprisonment in the penitentiary not to exceed five years, or by both such fine and imprisonment.''

In counts 3 and 4 it was charged that the bank was carrying certain forged and worthless notes as assets, and that the bank commissioner knew that the officers of the bank had forged these notes or knew of the forgeries and were carrying them as living assets of the bank, and that he failed to report this condition to the county attorney, as required by law. By the provisions of section 4234, supra, it is made the duty of the bank commissioner to inform the county attorney of such crimes and irregularities, and by the provisions of section 4233, it is made a felony for the bank commissioner to fail or neglect to so report to the county attorney, the punishment for which is to be ''in the manner herein provided.'' Upon examination of the whole act, being the banking act of 1908-09, it appears that the phrase ''in the manner herein provided'' refers to section 26 of the original act, being section 4139, supra, which fixes the penalty at a fine of not to exceed $1,000 or imprisonment in the penitentiary not to exceed five years, or both such fine and imprisonment.

The act contains two other penal sections which make it a felony for the officers or agents of a bank to do or neglect to do the things therein described. One of these sections provides for the same punishment as it provided in section 4139, the other provides for a more severe penalty. Upon examination of the whole act we conclude that the provisions of section 4139 apply in this case, and that the other two penal sections are inapplicable. It follows, therefore, that there are three public offenses charged in this information, being the ones stated in counts 2, 3, and 4, respectively, and that the facts stated in each are sufficient to constitute a felony.

This is an appeal by the state from a judgment in favor of the defendant upon an order setting aside the information on demurrer, but containing no order discharging the defendant, as distinguished from an appeal on a purely reserved question of law. Section 2807, Comp. Stat. 1921, provides the only cases in which the state may appeal in a criminal case. This statute is as follows:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other:

"First. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"Second. Upon an order of the court arresting the judgment.

"Third. Upon a question reserved by the state."

An appeal by the state from an order setting aside an information is on a reserved question of law only where the court orders the defendant discharged and the case as to him is at an end; but not so when there is no order discharging the defendant. In this case the defendant was not ordered discharged, as will be seen by reading the order of the court. The order made by the trial court in this case differs in this regard from the order made in the case of State v. Robertson, 28 Okla. Cr. 234, 229 P. 932. In the Robertson Case the information was held good, but the defendant could not be required to answer to the information thereafter because the trial court ordered him discharged, and the question was therefore merely a reserved question of law. In this case the defendant, having not been so discharged, must abide the further orders and decision of this court on appeal, and of the trial court, pending subsequent proceedings. State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731; State v. Franks, 21 Okla. Cr. 213, 206 P. 259; State v. Brown, 10 Okla. Cr. 52, 133 P. 1143.

Section 2612, Comp. Stat. 1921, provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

It may be contended that the language of the trial court, to the effect that the county attorney is "granted permission" to file a new or amended information, is not equivalent to "directing" that a new information be filed, within the meaning of section 2612, supra. It seems apparent that the trial court intended to hold the defendant amenable to further proceedings pending this prosecution on appeal, and subsequently, because: First, the order recited that the county attorney refuses to amend; and, second, because there was no order directing the defendant to be discharged. We hold, therefore, that the term "granted permission" to file a new or amended information was equivalent, in this case, to directing the filing of a new or amended information. Davenport v. State, 20 Okla. Cr. 253, 202 P. 18.

The only ground upon which this information was attacked in the trial court was that each of the counts failed to state facts sufficient to constitute a public offense. The demurrer did not challenge the information on the ground that it stated more than one offense, as is prohibited by section 2558, Comp. Stat. 1921. But in order to obviate the possibility of another appeal on the ground that the information states more than one offense, the county attorney should elect as between counts 2, 3, and 4, or file separate informations, setting up the facts contained in each of these counts, respectively. This section provides that an information must con-

tain but one offense. The allegations in these three counts are not related; they state three separate and distinct offenses, and do not state acts constituting the same offense, set forth in different language, within the meaning of the statute.

It is therefore ordered that the defendant, in the further proceedings of the trial court, be held to answer to whichever of the counts, 2, 3, or 4, the county attorney may elect to proceed upon; or, if the county attorney elects to file separate informations, covering the allegations contained·in these three counts, that the defendant be held for further proceedings under any or all of them, as the case may be.

MATSON, P. J., and DOYLE, J., concur.