## STATE v. A. E. GRAHAM.

No. A-6710.   Opinion Filed Nov. 19, 1927.
(261 Pac. 230.)

A. N. Boatman, Co. Atty., and Chas A. Dickson, for the State.

A. E. Graham, W. A. Barnett, V. V. Morgan, Sid White, and W. C. Alley, for defendant in error.

EDWARDS, J. The defendant in error, A. E. Graham, with other defendants, was indicted by a grand jury of the district court of Okmulgee county on a charge of criminal conspiracy. After the court had disposed of certain preliminary motions and proceedings, defendant filed his separate demurrer, assigning among other grounds that the indictment did not state facts sufficient to state a public offense. This demurrer was by the court sustained. The following then occurred:

"By the Court: Has the county attorney any request to make of the court in the premises?

"Mr. Boatman (the county attorney): To which ruling of the court, the state of Oklahoma excepts, and gives notice of its intention to appeal to the Criminal Court of Appeals of the state of Oklahoma, and asks the court to fix time in which to make and serve case-made.

"The Court: Any other requests?

"Mr. Boatman: I think that's all.

"The Court: 60—10—5 granted.

"Mr. Boatman: There is just one other thing I would like, in order to save the record; that is, permission of the court to resubmit this case to another grand jury.

"The Court: Upon motion of the county attorney, it is directed by the court.

"Mr. Boatman: Wait a minute; I do not care for that.

"The Court: Let the record show that the request of the county attorney for a resubmission of the case to another grand jury is withdrawn."

The defendant has filed a motion to dismiss this appeal, for the reason that it appears from the record that it is not the intention of the court, nor the county attorney, to resubmit said case to another grand jury,

and that the judgment of the court is a complete bar to further prosecution of defendant for the offense sought to be charged.

Section 2611, Comp. Stat. 1921, provides that upon the consideration of the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes. Section 2612, Comp. Stat. 1921, provides that, if the demurrer is sustained, the judgment is final, and is a bar to another prosecution for the same offense, unless the court directs the case to be resubmitted to another grand jury. Section 2613, Comp. Stat. 1921, provides that, if the court did not direct the case to be further prosecuted, the defendant, if in custody, must be discharged; if admitted to bail, his bail exonerated; if he deposited money, instead of bail, the money must be refunded to him.

Under these provisions of the law, where the court renders judgment sustaining a demurrer to an indictment, it is as far-reaching and conclusive as to defendant's liability for the crime charged as though it had been rendered upon a verdict of not guilty, unless the court directs a resubmission of the case to another grand jury, or directs that a new information be filed. This case having been disposed of by a final judgment, and it now being beyond the power of the county attorney or the court to again submit the matter to a grand jury, or to file an information, it is of no importance whether the indictment properly charges a crime. This view of the law has been frequently considered, and the rule announced in decisions of this court. State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731; State v. Wheatley, 20 Okla. Cr. 28, 200 P. 1004; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932; State v. Walton, 30 Okla. Cr. 416, 236 P. 629.

The sufficiency of the indictment as to this defendant being now entirely moot, no purpose can be served by this court considering its sufficiency, and reviewing the judgment of the trial court in sustaining the demurrer.

The appeal is dismissed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.