## STATE v. TOM C. WALDREP.

No. A-10258.  April 25, 1945.

(158 P. 2d 368.)

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Otis Blankenship, Co. Atty., of Norman, for plaintiff in error.

Al G. Nichols, of Wewoka, for defendant in error.

LOONEY, Special Judge. This case comes to this court on appeal by the state on a reversed question of law under the provisions of the applicable statute, subdivision 3, 22 O. S. 1941 § 1053, which reads:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State."

The facts out of which the prosecution arose and which are necessary to a consideration of the "question reserved" by the State, are as follows:

Defendant in error, Tom C. Waldrep, hereinafter referred to as "defendant", was duly appointed guardian of Una and Dora Hembree. He acted as such guardian until the 29th day of May, 1939, at which time he was removed as guardian by the county court of Cleveland county. On June 7, 1939, A. W. Hembree was appointed and qualified as defendant's successor. Thereafter, the defendant's account was surcharged by the county court of Cleveland county in the sum of $66,557.40. On appeal, the district court lowered the amount to $64,238.35, which order became final.

Defendant was arrested on complaint on July 11, 1941. He was charged with embezzlement alleged to have occurred on the 29th day of May, 1939, the date on which he was removed as guardian. Preliminary hearing was had and the defendant bound over to the district court of Cleveland county.

On January 20, 1942, the county attorney filed information in the district court of Cleveland county. Defendant filed a motion to quash and set aside the information. The district court thereafter entered its order quashing the information and ordered the defendant released and his bond discharged. The county attorney thereupon gave notice of appeal as follows:

"Notice is hereby given that the above styled cause will be appealed to the Criminal Court of Appeals on a reserved question of law as provided by the statutes. Dated the 16th day of April, 1942, Otis Blankenship, County Attorney."

The chief issue presented for determination on this appeal is: Was prosecution barred by the statute of limitations? The Attorney General, in his argument to this court, presented for the first time a question as to whether or not this case could be remanded to the trial court for further proceedings.

The state contends that the offense was not barred by the statute of limitations.

In the case of Glenn v. State, 72 Okla. Cr. 165, 114 P. 2d 192, 200, this court construed the applicable statute, 58 Okla. St. Ann. § 776, which provides that every guardian appointed in this state accepts his appointment subject to the statutory provisions requiring the guardian to render account, and at the expiration of his trust, to settle his accounts.

21 Okla. St. Ann. § 1454, reads:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement. R. L. 1910, § 2673."

The following language from the opinion of Glenn v. State, supra, is equally applicable to the state of facts shown by this record:

"It is apparent that under the provisions of § 1436, supra [58 O. S. 1941 § 776], the defendant in the lawful execution of his trust became obligated to pay to his successor as guardian the sum acknowledged by the defendant in his final account to be due to said ward, and any other sum actually owing to said minor, and his failure upon demand so to do constitutes an act of embezzlement."

Defendant was charged by complaint filed with the magistrate on July 11, 1941, which charged that the offense occurred on May 29, 1939. Evidence introduced at the preliminary hearing relating to specific offenses on other dates, was introduced for the purpose of establishing the liability of the defendant to account. The charge the state relied upon was the failure of the defendant to account at the time of his removal on May 29, 1939.

We are of the opinion, and so hold, that the limitation commenced to run at the time of the removal of the guardian and the appointment of the outgoing guardian's successor, which was June 7, 1939, and prosecution of the alleged offense would not be barred by 22 O. S. 1941 § 152, until the expiration of three years from said date. Glenn v. State, supra.

A criminal prosecution is "commenced" when complaint is filed with magistrate and warrant issued. Hicks v. State, 54 Okla. Cr. 431, 23 P. 2d 219.

The question raised by the Attorney General for the first time in the argument on this appeal, that the case should be remanded to the district court of Cleveland county for further proceedings, is not well taken. The county attorney of Cleveland county appealed this case solely on a reserved question of law.

"An appeal upon a question reserved by the state

does not bring up any part of the trial or proceedings of the case, except the question reserved and the judgment of acquittal, and, if such question reserved is decided in favor of the state, it simply settles that question of law, and does not affect a verdict of acquittal." State v. Pollock, 5 Okla. Cr. 26, 113 P. 207, 209.

The pertinent part of the trial court's order is as follows:

"* * * and that the bond heretofore posted by the defendant be discharged and that said defendant be released."

In Ray v. Stevenson, 71 Okla. Cr. 339, 111 P. 2d 824, 829, we reviewed the statutes providing the procedure for the dismissal of indictments or information:

"We do have certain statutes providing the procedure for the dismissal of indictments or informations where a demurrer or a motion to quash is sustained to an indictment or information upon the arraignment of a defendant in the district court in connection with a felony charge."

We cited the various statutes, including 22 Okla. St. Ann. § 508.

22 Okla. St. Ann. § 499, relating to a motion to set aside an indictment or information, provides:

"If the motion be granted the court must order that the defendant, if in custody, be discharged therefrom, or if admitted to bail, that his bail be exonerated, or if he have deposited money instead of bail, that the money be refunded to him unless it direct that the case be resubmitted to the same or another grand jury."

These statutes are clear and unambiguous and their plain provisions have been followed in many prior cases. In the case of State v. Sowards, 64 Okla. Cr. 430, 439, 82

P. 2d 324, 328, the court, in an opinion by Judge Thomas H. Doyle, stated:

"This case comes to this court under Procedure Criminal, Sec. 3191, O. S. 1931, 22 Okla. St. Ann. § 1053, providing that:

" 'Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

" '1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

" '2. Upon an order of the court arresting the judgment.

" '3. Upon a question reserved by the State.'

· "Under this section the state has the right to appeal from an order sustaining a demurrer to an indictment or information, and upon reserved questions, such an appeal reserves for decision only a question of law, where the indictment or information is dismissed and the defendant discharged without direction or permission of the trial court to amend the information, or that the indictment be submitted to that of another grand jury."

In the case of State v. Dennis, 28 Okla. Cr. 312, 230 P. 935, this court said:

"Where the judgment quashing or setting aside the information contains an order discharging the defendant, the appeal from the judgment is upon a question reserved by the state, for the reason that the defendant has been discharged and cannot be compelled to respond to any further orders in the proceeding, when so discharged the case as to him is at an end. The appeal then is on a naked question of law."

In the case of State v. Robertson, 28 Okla. Cr. 234, 230 P. 932, 934, this court said:

"That such an appeal only reserves for decision a question of law where the indictment or information is

dismissed and the defendant discharged, without direction or permission by the trial court to amend the information, or that the indictment be submitted to that or another grand jury, has also been heretofore held."

In a felony case where the judgment of the trial court sustains a demurrer to an indictment or information, or sustains a motion to quash or set aside an indictment or information and discharges the defendant from custody, exonerates his bail, or if he has deposited money instead of bail, orders the money to be refunded to him, the defendant stands acquitted and cannot be placed upon trial again for the same offense; unless the trial court makes an order contemporaneously with the judgment of acquittal that the case be resubmitted to the same, or another grand jury, or that a new information be filed, or that the defendant be ordered held awaiting the action of the appellate court. State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731; State v. Dennis, supra; Ray v. Stevenson, supra; State v. Robertson, supra; State v. Walton, 30 Okla. Cr. 416, 236 P. 629.

The judgment of the district court of Cleveland county holding that the prosecution herein was barred by the statute of limitations is reversed as being contrary to law.

The state appealed this case on a reserved question of law. The trial court rendered its judgment of acquittal. Such judgment is final and the defendant may not now be subjected to further prosecution in this case, or to have another prosecution for the same offense.

BAREFOOT, P. J., concurs.

JONES, J. (specially concurring). I concur fully in all the statements set forth in this opinion, concern-

ing the legal questions as to whether the action herein is barred by the statute of limitations. The case of Glenn v. State, 72 Okla. Cr. 165, 114 P. 2d 192, cited in the opinion, is conclusive of that question.

I agree that the general rule of law pertaining to appeals by the state on a reserved question of law is correctly stated in Syllabus 1. If this were an appeal from the judgment setting aside the information and not upon a reserved question of law arising upon the trial, then a reversal of the judgment of the trial court setting aside the information would reinstate the case for trial in the lower court. State v. Pollock, 5 Okla. Cr. 26, 113 P. 207; State v. Barnett, 60 Okla. Cr. 355, 69 P. 2d 77.

The county attorney has never indicated that he expects or desires to try the accused if the question of law presented by the appeal is decided in favor of the state. All proceedings in the lower court indicate the contrary. There was no request by the county attorney nor attempt to have included in the order setting aside the information a further order staying the execution of the judgment or holding the defendant pending the appeal.

As I view the record, I do not think the question as to whether the defendant may be tried upon the remanding of this case is properly before us, and, for that reason, I do not express an opinion as to whether the appeal herein is based upon a reserved question of law or is an appeal from a judgment setting aside an information.

In order to avoid any uncertainty concerning the nature of appeals by the state in the future, I suggest a careful study of the procedure followed by the district court of Oklahoma county in the case of State v. Barnett,

supra, which procedure is set forth in the reported case. The wording of the order and all acts done in connection with the judgment quashing the indictment in that case could well serve as a pattern for other courts to follow under similar circumstances. There is a vast distinction in the procedure to be followed where a demurrer to an indictment or information is sustained and where a motion to quash an indictment or information is sustained, and the legal effect of the order in each of such instances is different, as will be shown by a reading of the statutes and the cases cited in the opinion of Judge LOONEY.