James LIVINGSTON, Petitioner,

v.

Bill PIPKIN, County Attorney of Seminole County, Oklahoma, Respondent.

No. A–12793.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1959.

James Livingston, McAlester, petitioner, pro se.

William Pipkin, County Atty., Seminole County, Wewoka, respondent, pro se.

POWELL, Presiding Judge.

James Livingston, petitioner, is presently incarcerated in the State Penitentiary at McAlester, having been committed from Oklahoma County on February 13, 1958 to serve a sentence of ten years for burglary, second degree, after former conviction of a felony.

Petitioner seeks an order from this Court requiring the county attorney of Seminole County to withdraw a detainer warrant filed with the Warden of the State Penitentiary having for its purpose the return of petitioner to Seminole County for trial on a charge now pending in the Superior Court of that County, wherein petitioner is charged with assault with a dangerous weapon.

For grounds of relief, petitioner states that the crime charged is alleged to have taken place in 1954; that the charge was dismissed in 1955 but later refiled and petitioner released on bond. That in the meantime petitioner served a sentence from Pottawatomie County and was discharged in 1957, and that the Seminole County authorities did not ask for his return to that county, and that over five years have elapsed since the original charge of assault with a dangerous weapon was filed against petitioner in Seminole County, and that prosecution is now barred by the three year statute of limitations. 22 O.S.1951 § 152.

Petitioner alleges that the detainer warrant is working a hardship against him, inasmuch as it prevents petitioner from being placed in a trusty status and precludes petitioner from being considered for parole.

█ Petitioner further asserts that in addition to the prosecution being barred by the statute of limitations, that he has been denied a speedy trial to which the constitution and state statutes entitle him.[1]

The Respondent, County Attorney of Seminole County has filed response as follows:

"Comes now, Bill Pipkin, the duly qualified and elected county attorney of Seminole County, Oklahoma and in answer to the petition for writ of mandamus filed by James Livingston, who is also known as Don Livingston in Seminole County and vicinity, shows to the Court that on October 7, 1954, James Don Livingston was charged in the Superior Court of Seminole County in criminal case number 1788 with committing the crime of assault with a deadly weapon, and that on the 12th day of October, 1954, the said James Don Livingston was released on bond; and the records show that at all times thereafter it was shown to the Court that the said James Don Livingston was incarcerated in the Oklahoma State Penitentiary at McAlester, Oklahoma; and that thereafter there was to be held in Seminole County in May, 1959, a term of Superior Court and that James Don Livingston filed a motion for continuance by his attorney of record, Bill Hutchison, and the case was then stricken from the Superior Court docket of Seminole County; and that Seminole County now stands ready to try James Don Livingston on the charge of assault with a deadly weapon and has at all times since the filing of said charge, and that the said petitioner, James Don Livingston has been free on bond from Seminole County at all times since the 12th day of October, 1954, and has never made application or request for trial but on the contrary has asked that the matter be continued and stricken."

The matter came on for hearing in this Court on August 5, 1959 and was submitted on the petition and response.

█ Of course if the prosecution of defendant in the Superior Court of Seminole County is barred by the three year statute of limitations, 22 O.S.A. § 152, then it

---

1. Mandamus is the proper remedy to compel dismissal of a prosecution where denial of a petitioner's (defendant's) constitutional right to a speedy trial is alleged. State ex rel. Rothrock v. Haynes, 83 Okl. Cr. 387, 177 P.2d 515.

would be futile to return petitioner to that county to stand trial on the charge stated. But the evidence discloses that the petitioner was charged on October 7, 1954 with the crime in question and was taken into custody and thereafter on October 12, 1954 released on bond. Therefore, the prosecution was commenced within the three year period. State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368; Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725; Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815.

The argument by petitioner that he has been denied a speedy trial guaranteed to him by the Constitution, (Art. 2, § 20, Okla.Const.) will not stand up in view of the fact that he was released on bond. It is true that he has been for the most time incarcerated in the State Penitentiary, and notwithstanding such fact if he had demanded trial, the prosecuting officials would have been required to set the case down for hearing and dispose of the matter. See Thacker v. Marshall, Okl.Cr., 331 P.2d 488. But here the petitioner, free from the charge on bond, not only did not demand trial but when his case was set on the May, 1959 docket of the Superior Court, Seminole County, petitioner, through his attorney of record, filed a motion for and was granted a continuance. Under such circumstances we must hold that petitioner has not been denied a speedy trial.

The present county attorney of Seminole County, from the record, is alert to this case, and no doubt if the petitioner desires an early and speedy trial, he should have no difficulty in securing the same. Petitioner is certainly entitled to this. Thacker v. Marshall, supra.

For the reasons stated, the writ sought is denied.

NIX and BRETT, JJ., concur.