**The STATE of Oklahoma, Appellant,**

**v.**

**Harold Arthur ANDERSON, Appellee.**

**No. A–18020.**

Court of Criminal Appeals of Oklahoma.

May 21, 1973.

Preston A. Trimble, Dist. Atty., for appellant.

Mac Oyler, Oyler & Smith, Oklahoma City, for appellee.

## OPINION

PER CURIAM:

Appellee, Harold Arthur Anderson, hereinafter referred to as defendant, was tried with co-defendant William Eugene Eaton by a jury in the District Court of Cleveland County, Case No. CRF-72-390, on November 16, 1972, for the offense of Robbery with Firearms. The State presented testimony of two witnesses prior to the court recessing for lunch until 1:00 p. m. Thereafter, at 1:00 p. m. the State was given leave to call its next witness. The assistant district attorney announced that the witnesses were not in attendance. Thereupon, the court on its own motion ordered the case dismissed for want of diligent prosecution and discharged the jury and from said Order of Dismissal, the State has perfected an appeal upon a Reserve Question of Law.

At the trial Lon Chaney testified that on August 24, 1972, he was employed as a supervisor of a "Tiny Tim" food store in Norman; that at approximately 8:00 p. m. the defendants, Harold Arthur Anderson and William Eugene Eaton, whom he identified in court, entered the store and after a short period of time produced a pistol and told him to give them the money. He removed the cash from the cash register and handed it to one of the defendants. The other defendant said, "We want all of it" and "suggested to the other one to shoot me." (Tr. 23) He found additional money in the safe which he gave to the defendants. He was then forced at gunpoint to the rear of the store and placed in a "cooler." He identified State's Exhibit Number 1, a .22 caliber pistol, as being similar to the pistol used in the robbery.

Officer Richard Esterline, of the Moore Police Department, testified that on the evening in question, he received a radio description of a suspect armed robbery vehicle with a partial tag number. At approximately 8:10 p. m. he observed a vehicle matching the description on Interstate 35 in Moore. He stopped the vehicle and placed the defendants under arrest. He subsequently observed a yellow shirt that had "a bunch of money in it" and a .22 caliber revolver, which were found in defendants' car. At the conclusion of re-direct examination of witness Esterline, the trial was recessed until 1:00 p. m.

Thereupon, when court was reconvened, the record adduces the following occurred:

"BY THE COURT: The State may call its next witness.

"BY MR. GASTON: The State calls Art Garner.

"BY MR. BOSWELL: Your Honor, I must apologize. The State's witnesses have not returned from lunch yet. They were told to be here at 1:00, and they are late.

"BY THE COURT: Well, let's call somebody.

"BY MR. BOSWELL: All right, sir. (Thereupon Mr. Boswell left the Courtroom for a brief period, and upon his returning the following was had:

"They are on their way, your Honor,— not at the Courthouse yet.

"BY THE COURT: Don't you have anybody that you can call?

"BY MR. BOSWELL: No, sir, they are all together.

"BY THE COURT: Ladies and gentlemen, I want you to retire while I have a few words with the witnesses. Will you step outside of the proceedings here in the Courtroom? (To Mr. Boswell) I want you to bring all of your witnesses into the Courtroom.

Thereupon the following proceedings were had out of the presence and hearing of the Jury:

"BY THE COURT: Close that back door. Very well, this case is ordered dismissed for want of prosecution. The Defendants are ordered remanded to the custody from whence they came, and all witnesses and parties are excused.

"BY MR. BOSWELL: May I make a record, your Honor?

"BY THE COURT: Yes, you may make a record.

"BY MR. BOSWELL: Comes now the State of Oklahoma and objects to dismissal of this case at this time and states that the attorney for the State told the witnesses to be here at one o'clock, and they are not here. They may or may not have an excuse for not being here.

"BY THE COURT: Well, they can't all have the same excuse. The Court's order stands. Bring the Jury back in. I still want to see those witnesses when and if it meets with their convenience to join us." (Tr. 79–81)

The court thereupon discharged the jurors from further consideration of the case. Thereupon, the following transpired:

"BY MR. BOSWELL: Here are two of my witnesses, your Honor. The first witness, which I called, was a Mr. Art Garner—Trooper Art Garner, who is now here fifteen minutes after the hour.

"BY THE COURT: When this Court recessed at twelve o'clock, it announced that it would reconvene promptly at one o'clock. I am advised that the witnesses were advised to be back here at one o'clock. The Court reconvened at one o'clock. The witnesses were not available. The Court waited, and, approximately, at 1:10 or 1:07, somewhere along in there, ordered the case dismissed for want of prosecution.

"Now do either of you have any cause to show why you should not be punished for contempt of Court for violating your duties under the subpoenas which have been issued in this case?" (Tr. 83–84)

The witnesses then apologized to the court and explained that their car had been tied up in a traffic jam on Lindsey Street in Norman on their way back from lunch. The court found that their actions had not been intentional and that they purged themselves of any contempt.

The State asserts that the trial court abused its discretion by dismissing the cases and discharging the jury. We are of the opinion that this proposition is well taken. In Sussman v. District Court of Oklahoma County, Okl.Cr., 455 P.2d 724 (1969) we stated:

"This Court stated in the recent case (1967) Hutchens v. District Court of

Pottowatomie County, Okl.Cr., 423 P.2d 474, that:

'Once the jury has been selected and sworn to try any criminal case, the jury should not be discharged prior to returning a verdict, except for a cogent or compelling reason, or for a manifest necessity.'

"It has been generally held, in most jurisdictions, that the manifest necessity permitting the discharge of a jury without rendering a verdict and without justifying a plea of double jeopardy may arise from various causes or circumstances; but the circumstances must be forceful and compelling, and must be in the nature of a cause or emergency over which neither court nor attorney has control, or which could not have been averted by diligence and care."

██ The trial court in the instant case ordered the cause dismissed for "want of prosecution." We can arrive at no other conclusion except that the trial court abused its discretion in dismissing the cause and discharging the jury for the reason that the witnesses were seven to ten minutes late. This is especially true considering the seriousness of the offense and that the State had established a *prima facie* case. The State could have rested without calling the missing witnesses had they been given an opportunity to do so, but instead the trial court on its own motion ordered the case dismissed.

The judgment of the District Court of Cleveland County holding that the cause should be dismissed for want of prosecution is reversed as being an abuse of discretion.

██ The State appealed this case on Reserve Question of Law. The trial court rendered its judgment of dismissal. Such judgment is final and the defendant may not now be subjected to further prosecution in this case. See State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368 (1945), Belveal v. Rambo, Okl.Cr., 487 P.2d 714 (1971), and United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970).

Preston A. Trimble, Dist. Atty., for appellant.

Mac Oyler, Oyler & Smith, Oklahoma City, for appellee.

