## JACOB SWEITZER v. TERRITORY OF OKLAHOMA.

1. INDICTMENT—*Sufficiency of.*  An indictment under art. 56 of the gambling laws, charging that the defendant did unlawfully play at a game of cards for money, to-wit:  A game commonly called poker, is sufficient, and it is unnecessary in such an indictment to allege the nature or circumstances of the game or the person or persons with whom it was played.

2. BILL—*Passage by Legislature—Irregular Suspension of Legislative Rule.* Where there is no constitutional provision requiring the legislature to read a bill upon different days, or in any particular manner, the validity of a statute is not affected by the fact that a provision of the law, requiring that every bill be read on three separate days, the first two readings being by title if desired, and the reading on its final passage being by sections, was suspended by a vote of less than two-thirds of the members present, as required by the section of the law requiring such reading.  Such a provision is merely a rule directing the conduct of the legislative body, and an act when passed and signed by the governor is not invalid because the legislature failed or refused to observe such rule.

*Error from the District Court of Canadian County.*

*W. H. Criley,* for plaintiff in error.

No counsel representing the Territory.

The opinion of the court was delivered by

BIERER, J.:    Plaintiff in error was indicted and convicted in the district court of Canadian county, under our statute against gambling.    The indictment charged that on the thirteenth day of May, 1894, in Canadian county, Oklahoma, the defendant "did unlawfully play at a game of cards for money, to-wit, a game commonly called poker," contrary to the statute, etc.    The defendant claims that this indictment was insufficient, in that it did not inform the defendant of the particular act he was called upon to defend himself against.    The crime charged is a statutory misdemeanor, and the language of the indictment covers all the material elements of the crime as defined in the section prohibiting it.

Reading the statute as applicable to this particular class of gambling, it places a punishment upon anyone who plays poker with cards, dice or any device for money, checks, credits, or any representative of value. All of the elements and conditions constituting this offense, as defined in the statute, are charged against this defendant, and it was not necessary to give the particulars of the offense as they might be proven by the evidence on the trial.    The statute names and prohibits this particular game of poker, and it was unnecessary that the indictment should state any of the particulars of the game, nor the person or persons with whom it was played.    (*Wharton Crim. Plead. and Prac.* § 155; *Schilling v. Territory*, [Wash. T.], 5 Pac. 926; *State v. Light*, [Or.], 21 Pac. 132.)

The defendant's conviction is also opposed because, as it is claimed, art. 56, ch. 25, of the laws of this territory, which is the article on gambling, was not properly passed by the legislature, because the operation of § 17,

ch. 46, of the Statutes, was suspended by a vote of less than two-thirds of the representatives in the lower house of the legislature voting upon the proposition. The section referred to provides that every bill shall be read on three separate days in each house, and that the first two readings may be by title, and the reading on its final passage being by sections; provided that in case of an emergency either house may, by a two-thirds vote, and by not less than a majority of the members elected, to be entered on the journal, suspend the operation of this section.

Without stopping to decide how far the courts should properly go in determining whether or not an act, as it appears on the statute books, has received legislative sanction and become a portion of the laws of the territory; and without stopping to determine whether or not the section alleged to have been violated in the passage of the gambling law was in fact disregarded, the objection of the defendant to this prosecution cannot be sustained. The matter presented suggests no valid reason why the provisions of the gambling act, as they appear in art. 56, of ch. 25, of the Statute, should not be enforced as law in this territory. We have no constitutional provision requiring that the legislature should read a bill in any particular manner. It may, then, read or deliberate upon a bill as it sees fit, either in accordance with its own rules, or in violation thereof, or without making any rules. The provision of § 17 referred to is merely a statutory provision for the direction of the legislature in its action upon proposed measures. It receives its entire force from legislative sanction, and it exists only at legislative pleasure. The failure of the legislature to properly weigh and consider

an act, its passage through the legislature in a hasty manner, might be a reason for the governor withholding his signature thereto, but this alone, even though it is shown to be a violation of a rule which the legislature had made to govern its own proceedings, could be no reason for the courts refusing its enforcement after it was actually passed by a majority of each branch of the legislature, and duly signed by the governor.

The courts cannot declare an act of the legislature void on account of non-compliance with rules of procedure made by itself to govern its deliberations. (*McDonald v. State*, 80 Wis. 407; *In re. Ryan*, 80 Wis. 414; *State v. Brown*, 33 S. C. 151; *St. Louis R. Co. v. Gill*, 54 Ark. 101).

No other questions are raised in counsel's brief, and the judgment is therefore affirmed.

All the Justices concurring.