STATE v. NICK CARTER.

No. A-3.    Opinion Filed September 25, 1909.

(103 Pac. 1042.)

GAMING—Indictment—Sufficiency.    An indictment, which charges that
the defendant "did unlawfully play at a game of cards, played
for money, and commonly known as poker, contrary to the form
of the statutes," etc., charges the defendant with the commission
of a crime, and is sufficient under sections 2617 and 2618, Wil-
son's Rev. & Ann. St. 1903.

(Syllabus by the Court.)

*Error from Coal County Court, Sitting at Coalgate; R. H. Wells,
Judge.*

Nick Carter was indicted for playing poker. The cause was
transferred to the County Court, where a demurrer to the indict-
ment was sustained, and the State brings error. Reversed and re-
manded, with directions.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* Asst. Atty. Gen.,
and *Jas. R. Wood,* Co. Atty., for the State, cited *Sweitzer v.
Territory,* 5 Okla. 297; *Proctor v. Territory,* 18 Okla. 379; 20
Cyc. 903, 904; *Winyard v. State,* 13 Ga. 396.

OWEN, JUDGE.    The indictment in this case charged:

"* * * In said county of Coal, in said state of Oklaho-
ma, on the —— day of February, in the year of our Lord one
thousand nine hundred and eight, one Nick Carter, late of Coal
county, and within the jurisdiction of this court, did unlawfully
play at and against a game at cards played for money, and com-
monly known as poker, contrary to the form of the statutes in
such cases made and provided, and against the peace and dignity
of the state of Oklahoma."

There is no appearance here for the defendant in error, and
the record does not disclose the specific objections made to this in-
dictment or the reasons assigned by the court for sustaining the de-
murrer.

Section 2617, Wilson's Rev. & Ann. St. 1903, makes it a misdemeanor for any person to deal or play at any game of faro, monte, poker, roulette, craps, or any banking or percentage game played with dice, cards, or any device, for money, checks, credit, or any representative of value. Section 2618 of the same statute provides that:

"Every person who bets or plays at or against any of said prohibited games is guilty of a misdemeanor, and is punishable," etc.

Section 5357, Wilson's Rev. & Ann. St. 1903, provides that the indictment must contain:

"First: The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties. Second: A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Section 5363 of the same statute provides:

"The words used in an indictment must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

The indictment in this case alleges that the defendant did unlawfully play at and against a game of cards, played for money, and commonly known as "poker." Section 2617 of the statutes prohibits any person from dealing or carrying on the games mentioned in the section, and poker is one of these games. Section 2618 makes it a misdemeanor to play at the game of poker. It is not contended here that the defendant was misled by that term. The indictment alleges that he played at a game of cards, that he played for money, and that this game is commonly known as "poker." It was not necessary that the indictment should allege the names of the other persons playing at the game. It was sufficient to inform him that he was charged with playing for money.

The Supreme Court of the Territory of Oklahoma, in the case of *Sweitzer v. Territory*, reported in 5 Okla. 297, 47 Pac.

1094, in construing the section under which the indictment in this case was drawn, used this language on page 298 of 5 Okla., page 1094 of 47 Pac.:

"The statute names and prohibits this particular game of poker, and it was unnecessary that the indictment should state any of the particulars of the game, nor the person or persons with whom it was played"—citing Wharton, Crim. Plead. & Prac. § 155; *Schilling v. Territory*, 2 Wash. T. 283, 5 Pac. 926; *State v. Light*, 17 Or. 358, 21 Pac. 132.

The indictment in this case was sufficient under the statute, and the demurrer should have been overruled.

· The case is reversed and remanded, with directions to overrule the demurrer.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.