O. G. CUTRIGHT et al. v. STATE.

No. A-4154.    Opinion Filed Sept. 8, 1923.

(217 Pac. 1056.)

Appeal from County Court, Canadian County; W. A. Maurer, Judge.

O. G. Cutright and three others were convicted of gambling, and they appeal. Affirmed.

E. T. Barbour, for plaintiffs in error.

George F. Short, Atty. Gen., for the State.

PER CURIAM.    Appeal from judgments of conviction of the county court of Canadian county rendered September 3, 1921. Plaintiffs in error were jointly tried and found guilty of the crime of gambling, and each sentenced by the court as above stated, and jointly prosecute this appeal.

It is first alleged that the information is insufficient to charge the crime of gambling. The information charges that plaintiffs in error, on the 27th of March, 1921, "did unlawfully, willfully, and knowingly bet and play at a certain prohibited game, same being a game of chance, to wit, poker, played with cards, * * * the said prohibited game then and there being willfully and unlawfully played by (naming defendants) for money," contrary to the statutes, etc. The information is sufficient. State v. Carter, 2 Okla. Cr. 706, 103 Pac. 1042.

It is also contended that the evidence is insufficient to sustain the conviction. There is some conflict in the evidence. The sheriff and one of his deputy sheriffs who raided the parties testified that they were engaged in a game of stud poker, with the cards dealt as they are dealt in that game, and that 25 cents in money was taken from the table at the time the parties were surprised by the presence of the officers. Some of the de-

fendants took the witness stand, and testified that they were engaged in a game of pitch, and were not gambling, and that the 25 cents was thrown on the table for the purpose of buying some bread.

The location of the game was at the home of the defendant Cutright, in the country about two miles northwest of the town of Yukon, and the time was about 3 o'clock in the afternoon on Easter Sunday, 1921. On that day and hour it is unlawful to sell bread in the state of Oklahoma. Some of the defendants who testified showed very little familiarity with the method in which the game of "pitch" is played. The layout of the cards, from the testimony of the officers and from the admission of the defendants, indicated that a game of stud poker was in progress. In addition the officers testified that an effort was made by the defendants to square the matter without arrest.

We think the facts and circumstances, coupled with the apparent contradictions and implied admissions, are sufficient to sustain the verdict and judgments. For that reason the judgments are affirmed.