THE INTERNATIONAL HARVESTER CO. OF AMERICA, INC.,
v. ANDERSON, SHERIFF.

(Decided December 31, 1928.)

*Messrs. Matthews & Matthews* and *Mr. Anthony P. Conlon,* for plaintiff in error.

*Mr Charles P. Taft, II,* prosecuting attorney, and *Mr. Herbert F. Koch,* for defendant in error.

Ross, J.   This case comes into this court on error from the court of common pleas of Hamilton county, wherein a judgment was rendered for the defendant, William M. Anderson, sheriff.

Three assignments of error are alleged: First, the judgment of the court below is contrary to law; second, the judgment is contrary to the evidence; and, third, the judgment is not supported by sufficient evidence.

The case was tried below on an agreed statement of facts.

The facts are as follows: Plaintiff in error was the plaintiff below, and was the holder of a chattel

mortgage on a truck, which mortgage was in default. The truck was attached and levied upon by the sheriff, defendant below, in a suit against the mortgagor of the truck, after which a replevin suit was filed by the mortgagee of the truck, who obtained possession of it from the sheriff under a writ of replevin.

It is admitted in the agreed statement of facts, stipulated between the parties and constituting the bill of exceptions, that the only title the plaintiff in error has to the truck comes from the defendant in the proceeding resulting in the attachment of the truck.

The affidavit filed in support of the suit in replevin recites: "That said property * * * is not claimed by it (plaintiff in error) under a title acquired mediately or immediately by transfer from one from whom such property has been taken by such execution, order, or process."

Section 12052, General Code, provides as follows: "An order for the delivery of property to the plaintiff shall be issued by the clerk of the court in which the action is brought, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing: * * * That it was not taken on process issued against the plaintiff, and is not claimed by him under a title acquired mediately or immediately by transfer from one from whom such property was taken by execution, order, or other process, nor for a tax; or if taken on such process, that the property was exempt from execution expressly, or upon demand or selection by the plaintiff."

The plaintiff in error claims title and right to possession of the truck solely through the mort-

gagor, the defendant in the attachment suit, and from whom the truck was taken by the sheriff under the writ of attachment. The statement in the affidavit, that the plaintiff in the replevin suit does not hold title immediately (that is, directly) from one from whom such property has been attached, is positively refuted by the admission in the stipulation. The statutory remedy of replevin can be, and is, limited by the provisions of Section 12052. The section, it is true, applies primarily to the contents of the affidavit, to be filed in support of the suit in replevin, but it is evident that the Legislature intended that the facts to be alleged in the affidavit should exist before the suit in replevin could be successfully maintained. It is perfectly reasonable that the defendant in the attachment proceeding should not be permitted to resort to the statutory relief of replevin, and it is just as reasonable that those claiming under him, by conveyance, should also not be permitted to resort to replevin, where the property in question has been attached in the possession of a previous conveyor of title.

That the plaintiff in error may or may not have other remedies is immaterial, in view of the controlling effect of Section 12052, General Code, as we view it.

The judgment below, being sustained by sufficient evidence, and not being contrary to the evidence or the law, is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.