By the Court
 

 (Marshall, C. J.).
 

 The relator invokes the original jurisdiction of this court in mandamus to: compel the clerk of the courts of Portage county to issue a certificate of title for certain automobiles, and to note thereon liens given to said relator for loans made to sundry citizens of Portage county, in accordance with Sections 6290 to 6290-16, inclusive, General Code, effective July 31,1931 (114 Ohio Laws, 173), known as the Pringle Bill. The prosecuting attorney of Portage county demurs to the petition on the general ground that it does not state facts sufficient to constitute a cause of action. The legal question presented is whether or not those sections are or ever became valid enactments. The Pringle Act was passed by the General Assembly during its recent session, in the month of
 
 *257
 
 April, 1931, and was signed by the Governor, and in the ordinary course of events would have become effective July 31, 1931. Tbe act was designed to amend certain sections of tbe General Code, and supplement certain other sections.
 

 Prior to the effective date of the legislation, another bill was introduced, known as the Marshall Bill, and passed both houses, received the signature of the Governor, and in the ordinary course of events would have become effective on October 14, 1931. By the Pringle Bill those sections of the General Code which were amended and supplemented were expressly repealed. The purpose of the enactment of the Marshall Bill was to entirely repeal the provisions of the Pringle Bill and to re-enact the former 'sections of the General Code which were sought to be repealed by the Pringle Bill. Neither of the bills contained an emergency clause. It then became a question with the clerks of the courts of the various counties of the state whether the Pringle Bill was an effective law from July 31, 1931, to October 14, 1931. Upon request, the Attorney General gave an opinion (July 9, 1931, No. 3416), the pertinent portion of which is as follow®: “It is well settled that where there is an express repeal of an existing statute, and a re-enactment of it
 
 at the same time,
 
 or a repeal and a reenactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force, however, a repeal is not rendered inoperative by a re-enactment where they are not simultaneous, where there is an interval of time after the repeal takes effect before the re-enactment goes into operation. Lewis’ Sutherland on Statutory Construction (2d Ed.), Section 238.”
 

 
 *258
 
 From this declaration the Attorney General reasoned that the re-enaictment of the old law existing before the passage of the Pringle Bill did not go into operation until October 14, and that the Pringle Bill became an effective act on July 31, and continued in effect until the effective date of the Marshall Bill on October 14. We are of the opinion that the Attorney General has not reached the correct conclusion in this matter and that he has treated the Pringle Bill as “an existing statute.” We could concur in the opinion of the Attorney General if the Pringle Bill had become effective before passage of the Marshall Bill. The Marshall Bill was enacted in all respects in compliance with the provisions of the Constitution and the rules of the General Assembly and thereby became
 
 an effective act
 
 of that body immediately upon its passage, though it could not be regarded as an effective piece of legislation until the expiration of ninety days. That act was complete before the effective date of the Pringle Bill. The situation is therefore exactly the same as if after the passage of the Pringle Act, and within the time limited therefor, a motion for reconsideration had been made and adopted. True, the Marshall Bill w|as not in form a motion to reconsider. The Marshall Bill was not introduced, as far as the record shows, until after the lapse of considerable time after the Pringle Bill had been signed by the Governor and' filed in the office of the secretary of state. The rules of the General Assembly seem to provide that a motion to reconsider should be filed within two days after the previous question is ordered in each house. The two-day rule is a rule of the General Assembly, not prescribed by the Constitution. Section 8 of Article II
 
 *259
 
 of the Constitution authorizes each house to determine its own rules of proceeding. Sections 9 and 16 prescribe certain rules which are mandatory, and a failure to observe them might be inquired into by the courts, and if it is found that the Legislature has violated the constitutional limitations it would be within the power of the court to declare the legislation invalid. The provision for reconsideration is no part of the Constitution and is therefore entirely within the control of the General Assembly. Having made the rule, it should be regarded, but a failure to regard it is not the subject-matter of judicial inquiry. It has been decided by the courts of last resort of many states, and also by the United States Supreme Court, that a legislative act will not be declared invalid for noneompliance with rules.
 
 United States
 
 v.
 
 Ballin,
 
 144 U. S., 1, 12 S. Ct., 507, 36 L. Ed., 321;
 
 St. Louis & San Francisco Ry. Co.
 
 v.
 
 Gill,
 
 54 Ark., 101, 15 S. W., 18, 11 L. R. A., 452;
 
 Sweitzer
 
 v.
 
 Territory of Oklahoma,
 
 5 Okl., 297, 47 P., 1094;
 
 State
 
 v.
 
 Brown,
 
 33 S. C., 151, 11 S. E., 641;
 
 In re Ryan, 80
 
 Wis., 414, 50 N. W., 187;
 
 McDonald
 
 v.
 
 State,
 
 80 Wis., 407, 50 N. W., 185.
 

 Adopting the theory that we do — that the Marshall Bill while not in form but nevertheless in substance and effect is a reconsideration and a nullification of the Pringle Bill, both as to the affirmative provisions of the Pringle Bill and as to those provisions. which repealed former existing legislation— the demurrer to the petition will be sustained, and the writ denied.
 

 Writ denied.
 

 Jones, Matthias, Day and Kinkade, JJ., concur.
 

 Allen and Robinson, JJ., not participating.