## ANGELONE v JONES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12495. Decided June 13, 1932

Charles N. Krieg, Cleveland, for plaintiff in error.

Grossman & Grossman, Cleveland, and Kenneth D. Carter, Cleveland, for defendant in error.

VICKERY, J.

We have examined the record in this case and examined the law and have had called to our attention the case of **International Harvester Company v Anderson, 30 Oh Ap Rep page 517,** and we cannot help but come to the conclusion that the court misconstrued this statute; and if that were all there was to this lawsuit, this court would be compelled to reverse the judgment, because the record in this case shows that when Angelone took his mortgage upon this property and loaned Eleven Hundred Dollars upon it, he took it from Piunno, who had not obtained title through any process —attachment, replevin or execution,—but had purchased it, and to all intents and purposes was the owner of the property and obtained it not through any legal process or by virtue of any legal process, but by virtue of purchase from the wholesaler. Therefore, the affidavit that the plaintiff in replevin made was true and his rights were fixed·at the time of the filing of the mortgage, and nothing that could happen by reason of acts of third parties over whom he had no control would affect the rights granted him by contract in the mortgage. If that were all there was in this lawsuit, we could readily enter a reversal in this case, but unfortunately there is another and much more serious question entering into it, and that is this:

In April 1931 the legislature passed what is called the Pringle Bill, which provided that after the law went into effect, chattel mortgages should be filed in the office of the County Clerk instead of in the office of the County Recorder, and in said act repealed the law relating to the filing of chattel mortgages that existed prior to that time. This bill, however, contained no emergency clause and did not go into effect until the 31st of July, 1931. On the 16th of July, fifteen days before the Pringle Act went into effect, the evil consequences of the Pringle Bill having been called to the attention of the legislature, that body on the 16th of July introduced what is called the Marshall Bill, which repealed the Pringle Bill and reestablished the County Recorder's Office as the place for the filing of mortgages.

Now that was fifteen days before the Pringle Act went into effect. In the meantime, after the passage of the Marshall Bill, that is, some time between the 16th of July and the middle of August, an action in mandamus had been brought in the Supreme Court of Ohio, as an original action to compel the Clerk of Portage County to issue a certificate for the filing of a chattel mortgage, the Clerk having refused so to do, and the question thus raised was: Was a chattel mortgage that was filed in the Clerk's office between the 31st of July, when the Pringle Act went into effect, and the decision of the Supreme Court on the 27th of August, valid?

As already stated the Supreme Court decided this question on the 27th of August in the case of **The State ex City Loan and Savings Company of Wapakoneta v Moore, Clerk of Courts, 124 Oh St 256,** holding in effect that, inasmuch as the Pringle law was not effective until the 31st of July, and the legislature had passed the Marshall Bill in the meantime repealing the Pringle Act, the effect of which was in the nature of a reconsideration of the Pringle Bill, as a matter of law, the first bill never went into effect; that the Marshall Bill, although containing no emergency clause, was effective from its passage and was signed by the Governor on the 16th or 17th day of July, and that the Marshall Bill was entirely in effect before the Pringle Bill went into effect, the purpose being to repeal the Pringle Act and, inasmuch as that was repealed by the legislature before it went into effect, it simply amounted to a reconsideration and nullification by the legislature, and the Pringle Bill never went into effect; that therefore there never was a time when it was proper to file chattel mortgages in the Clerk's office; and so the Supreme Court refused to mandamus the Clerk, for if it had been legal and proper to file the chattel mortgage in the Clerk's office, the Clerk could have been compelled to issue a certificate therefor.

That this law works a hardship in this case, a substantial hardship, is perfectly manifest, and it seems that the Supreme Court should have protected the mortgages that had been filed in the Clerk's office after the effective date of the Pringle law, at least before it had been declared ineffectual

by the Supreme Court on August 27th. Now that works, as already stated, a particular hardship in this case because the Pringle law, for all intents and purposes, was in effect on and after July 31st up until the 27th day of August at least if not until October 14th the effective day of the Marshall law, the Marshall law having no emergency clause attached thereto, and this whole confusion resulted from the failure of the legislature to incorporate an emergency clause in the Marshall law. It is all the more grievous since an opinion was obtained from the Attorney General declaring that the Pringle law was in force after its effective date, to-wit, July 31st, until the effective date of the Marshall law which repealed the Pringle Bill, which was October 14th, 1931. But the Attorney General's opinion was overruled by the Supreme Court and the Supreme Court in its opinion in The State ex v Moore, supra, enunciated that the Attorney General was mistaken in his interpretation of the law and that they could not agree with it.

In the instant case the mortgage was tendered to the Recorder on August 20th and the Recorder refused to take it and the Clerk of Courts was receiving and recording chattel mortgages during the interval until the Supreme Court decided otherwise in State ex v Moore, supra, and that is a matter that it seems the legislature or the Supreme Court should have taken care of.

That compels us to make this query: Those who loan money on chattels and take chattel mortgages to secure the same in order to protect themselves must have filed their chattel mortgages, and this would imply an officer with whom said mortgages could be filed; and when as in the instant case, the mortgagee tendered his mortgage to the Recorder for filing and the Recorder having refused to receive and file said mortgage, but directed the mortgagee to file his mortgage with the County Clerk and he having done so, and the Clerk having received and filed such mortgage, the question is whether the mortgagee of the chattel should be penalized for the shortcomings of the legislature. There must have been hundreds and perhaps thousands of mortgages filed during this interval from the 31st of July, at least until the 27th of August, a month later, if not until October 14th, and we query whether the decision of our Supreme Court in deciding the question between private litigants in which they hold the Pringle law never went into effect has the same force and effect as an act of the legislature itself which, of course, is notice to the world and everybody must be bound thereby, and it seems as if there might be a difference between the effect of a judgment of the Supreme Court in a private lawsuit and an act of the legislature as constituting notice to the world. And we again query whether under the circumstances of this case there had not been a proper filing; and inasmuch as there must be some place in which to file a chattel mortgage and the Clerk being the only officer who would receive such filing and the law at that time authorizing such filing and the filing with the Clerk having been approved and indorsed by the Attorney General of the State, we cannot help but wonder whether during the interim the Clerk was not a proper de facto officer with whom to file this mortgage. Or inasmuch as the County Recorder having refused to receive it and directing the mortgagee to the Clerk's office, whether to all intents and purposes this mortgage had not been filed in the proper office—whether that office be the Clerk's office or the Recorder's office.

Surely the hundreds of mortgages that were filed in this interim ought not to be declared invalid where other liens attached, where the mortgagees were in no wise to blame for the mix-up.

We think the Supreme Court must have overlooked this question, or the legislature overlooked it in not protecting the holders of mortgages that were filed in this interim, especially up to the 27th day of August.

This mortgage having been filed on the 20th day of August when there was no question as to the proper place to file it, we think it ought to be regarded as properly filed.

That being so, we cannot help but come to the conclusion that the court below was wrong and the judgment must therefore be reversed and the cause remanded for a new trial.

LEVINE, PJ, and WEYGANDT, J, concur.