THE CITY LOAN & SAVINGS CO., APPELLEE, *v.* SHEBAN, APPELLANT, ET AL.

(Decided November 10, 1939.)

*Messrs. Meredith & Meredith* and *Mr. L. W. Dunlap,* for appellee.

*Mr. Joseph Sheban,* for appellant.

NICHOLS, P. J.   Plaintiff brought its action in the Municipal Court of the city of Youngstown against defendant and A. J. Sheban, alleging that it was entitled to the possession of a certain Auburn automobile under

the terms of a chattel mortgage executed and delivered to it by Norman C. Kelley, a copy of which mortgage was duly filed in the recorder's office of Mahoning county prior to the automobile's seizure and sale to defendant under a writ of execution issued out of the Municipal Court upon a certain judgment rendered therein against Norman C. Kelley.

In its petition plaintiff alleged that A. J. Sheban wrongfully detains the property from it and prayed judgment for its possession. Upon the affidavit for the writ of replevin, a writ was issued out of the Municipal Court to the bailiff, under which possession of the Auburn automobile was taken by the officer, whereupon defendant executed a bond to plaintiff, conditioned "that the said defendant will safely keep the property taken in the action designated above, and that in case the judgment shall be against him, he shall then return the property taken, to wit: a 1929 Auburn car, or pay the value thereof as assessed by the appraisers in said action, if said property is not available at that time."

Upon approval of this bond by the clerk of the Municipal Court, the Auburn automobile was returned to the possession of defendant who has ever since had possession thereof.

Upon the trial in the Municipal Court, the issues joined were found in favor of plaintiff and it was also found that the defendant, Joseph Sheban, now has in his possession the property described in plaintiff's petition. It was ordered, adjudged and decreed that the right to the possession of the 1929 Auburn automobile be in the plaintiff, and the defendant, Joseph Sheban, was ordered to deliver forthwith the property to plaintiff and pay the costs expended. The action as to A. J. Sheban was dismissed.

From the judgment of the Municipal Court, Joseph Sheban prosecuted appeal upon questions of law to the Common Pleas Court of Mahoning county, wherein the judgment of the Municipal Court was affirmed;

and it was further ordered and decreed that "the appellant deliver forthwith to the appellee the property set forth in plaintiff's petition herein or pay to the appellee in lieu thereof, upon his inability to deliver said property, the value thereof * * *; and that the appellee herein recover from the appellant its costs expended herein * * *; that a special mandate be sent to the Municipal Court of Youngstown for proper execution upon said judgment."

The case is now in this court upon appeal on questions of law from the judgment of the Common Pleas Court. It may here be stated that upon the filing of the action in the Municipal Court a separate "affidavit in replevin" was filed by plaintiff in pursuance of which a writ of replevin was issued to the bailiff of the Municipal Court who seized the Auburn automobile and caused it to be appraised, its value being fixed at $75. Thereupon the defendant gave a bond to plaintiff in the sum of $150, conditioned that he would safely keep the property taken in the action and in case the judgment be against him return the property taken "or pay the value thereof as assessed by the appraisers in said action, *if said property is not available at that time.*" (Italics ours.)

Considerable contention has been made between the parties here as to the form of this bond, it being apparent that the same is not in conformity to the provisions of the Code. We express no opinion with reference thereto at this time other than to say that it appears that defendant has had possession of the property ever since the giving of the bond and the only judgment which has been rendered against defendant in the Common Pleas Court in addition to costs of the proceeding is that he "deliver forthwith to the appellee the property set forth in plaintiff's petition herein or pay to the appellee in lieu thereof, upon his inability to deliver said property, the value thereof."

It appears from the evidence and statements of

counsel that the property is still in the possession of defendant, and if it be determined that the judgment of the Common Pleas Court should be affirmed, it is apparent that this judgment can be satisfied by a return of the property to plaintiff. We do not undertake to find that the judgment is in the form contemplated in such a proceeding, but since plaintiff has prosecuted no cross-appeal herein, we are not now concerned with the question as to liability under the bond or the manner in which the judgment, if affirmed, shall be satisfied.

On July 29, 1937, after filing in the recorder's office of Mahoning county the chattel mortgage covering the Auburn automobile, an execution was issued out of the Municipal Court of the city of Youngstown upon the judgment theretofore rendered in that court against Norman C. Kelley and levy made upon the Auburn automobile, the automobile was duly advertised for sale by the bailiff of that court, and was sold to Joseph Sheban. The evidence indicates that at the time of the sale Joseph Sheban had actual knowledge that the chattel mortgage was on file in the recorder's office, and it follows that he purchased the automobile subject to this chattel mortgage.

Joseph Sheban testified that before the sale of the Auburn automobile under the writ of execution, he checked the chattel mortgage files in the recorder's office and found that plaintiff had on file two chattel mortgages, one covering a Dodge automobile and certain household goods, and the other covering the Auburn automobile; and that he believed Mr. Kelley still had the Dodge automobile since nothing appeared to indicate that the Dodge had been released from the operation of the first chattel mortgage.

It is contended by Joseph Sheban that plaintiff had no right to replevin the Auburn automobile for three reasons; first, because the allegation in plaintiff's petition to the effect that plaintiff's title thereto had

not been "acquired mediately or immediately by transfer from one from whom such property was taken by execution, order or other process," is shown by plaintiff's evidence to be untrue; and it is therefore contended that plaintiff has not complied with the provisions of Section 12052, General Code, which provide, in substance, as follows:

"An order for the delivery of property to the plaintiff shall be issued * * * when there is filed * * * an affidavit of the plaintiff * * * showing: * * *

"3. That the property is wrongfully detained by the defendant;

"4. That it was not taken on process issued against the plaintiff, and is not claimed by him under a title acquired mediately or immediately by transfer from one from whom such property was taken by execution, order, or other process * * *."

It is true that plaintiff did acquire title immediately under the chattel mortgage from Norman C. Kelley, and also that this property was taken in execution from Norman C. Kelley and sold to defendant, who cites the case of *International Harvester Co. of America, Inc.,* v. *Anderson, Sheriff,* 30 Ohio App., 517, 165 N. E., 512, in support of the claim that plaintiff had no right to replevin. The syllabus in the cited case is as follows:

"Plaintiff claiming title and right to possession of truck sought to be replevined solely through mortgagor-defendant in attachment suit, and from whom truck was taken by sheriff under writ of attachment, *held* not entitled to prevail under Section 12052, General Code, since affidavit that plaintiff did not hold title from one from whom the property had been attached was positively refuted by admission in stipulation."

It is the opinion of this court that one having the right to possession of personal property by virtue of a chattel mortgage may institute his action to obtain possession of the mortgaged property without first

suing out a writ of replevin under the General Code provisions relating thereto; and that the provisions of Section 12052, General Code, apply only to the affidavit required to be filed for the purpose of obtaining the writ of replevin. In other words, the action instituted by the filing of a petition to obtain possession of property to which plaintiff claims to be entitled may or may not be accompanied by an affidavit for a writ of replevin and if the writ is desired in the first instance, the affidavit must contain the allegation provided for in Section 12052, General Code, with reference to plaintiff's title; and in this instance plaintiff filed such affidavit, which may or may not be untrue, depending upon the construction to be placed on the language of this section, the courts having differed as to such construction. See, *Angelone* v. *Jones,* 43 Ohio App., 147, 182 N. E., 684. However defendant did not attack the affidavit but chose instead to file a bond for the redelivery of the property to him, and has ever since had the possession thereof; and it is our conclusion that he thereby waived the provisions of the statute and can not urge the untruthfulness of the affidavit as ground for the reversal of the judgment finding plaintiff entitled to the right of possession.

It is further urged that the judgment in favor of plaintiff is contrary to law because plaintiff did not institute its action in good faith for the insecurity of the debt owing to it but solely for the purpose of returning the automobile to the mortgagor, it being claimed that the debtor was not in default in his payments at the time of the institution of the action by plaintiff, and that plaintiff was otherwise amply secured.

In answer to this contention, it is sufficient to say that the mortgage executed by Kelley to plaintiff provides therein that the mortgagor is to remain in possession of the mortgaged property until the happening of any one or more of certain contingencies set

forth in the mortgage, one of which is as follows: "If at any time before maturity of said note the mortgagee shall deem itself insecure, without assigning any reason therefor, or for any other reason before the payment of said indebtedness, the mortgagee may take possession of the said property wherever found and from any person in whose possession found * * *."

Plaintiff offered testimony which has not been refuted, to the effect that it deemed itself insecure and that the mortgaged property other than the Auburn automobile was insufficient to satisfy the debt due it.

In Ohio a mortgagee is the general owner of property under a chattel mortgage. From *Robinson* v. *Fitch,* 26 Ohio St., 659, at 663, we quote:

"A chattel mortgage in the usual form conveys to the mortgagee the property mortgaged, and he thereby becomes the general owner of it, and in the absence of a reservation of the right of possession in the mortgagor, he is entitled to the immediate possession of it. If there is such a reservation in favor of the mortgagor, such reservation only affects the possession according to the terms of the reservation, the title to the property remaining in the meantime in the mortgagee, who becomes entitled to the immediate possession on breach of the condition."

As stated in the case of *Francisco* v. *Ryan,* 54 Ohio St., 307, at 317, 43 N. E., 1045, "the mortgage constitutes a valid and binding contract between the parties; and being so it must be given effect according to the intention of the parties as that may be ascertained from its terms."

The defendant by his purchase at the execution sale took the mortgaged property subject to the right of the mortgagee to take possession in accordance with the contract between the mortgagor and mortgagee, and it follows that, without assigning any reason therefor, the mortgagee was privileged to take possession of the property, of which it had general title

by virtue of the mortgage. In the absence of any provision in the mortgage whereby the mortgagor might retain possession of the mortgaged property, the title as well as the right of possession would pass to the mortgagee upon the execution and delivery of the instrument.

In connection with defendant's claim of lack of good faith upon the part of the plaintiff, it is contended that the trial court erred in rejecting evidence offered by defendant tending to show such lack of good faith. We find no prejudicial error in this respect.

It is further contended that plaintiff waived and became estopped from asserting its right to possession of the mortgaged property because defendant advanced money for the purchase of the automobile upon execution and was innocently misled into an injurious change of his position. This claim seems to be founded upon the proposition that defendant concluded from his examination of the mortgages on file in the recorder's office that plaintiff had a lien on more than sufficient personal property to pay its claim, that it refused to inform defendant of the balance remaining due it from the mortgagor and did not inform defendant that the Dodge car had been disposed of, and that defendant had the right to believe that plaintiff retained its lien thereon.

We find nothing in these claims from which it may be said that plaintiff has waived or become estopped from its action to obtain possession of the mortgaged property in accordance with its contract with the mortgagor.

We have considered all of the errors assigned and find no error in the record prejudicial to the rights of the defendant and it follows that the judgment of the Common Pleas Court must be, and the same is, affirmed.

*Judgment affirmed.*

CARTER and PHILLIPS, JJ., concur.