60 So.2d 466

STATE v. GRAY et al.

No. 40791.

July 3, 1952.

Eugene Stanley and Aubrey C. Evans, New Orleans, for defendants-appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., George J. Gulotta, Executive Asst. Dist. Atty. and Matthew S. Braniff, Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Defendants, Anderson Gray and Thomas Herrin, were charged with the violation of LSA–R.S. 40:962, as amended, in that they did willfully and unlawfully possess and have under their control four cigarettes containing the dried form of the plant known as marijuana and gleanings of marijuana. They were adjudged guilty after trial by jury, and each was sentenced to serve 10 years at hard labor in the state

penitentiary. From their convictions and sentences they have appealed.

In this court appellants rely on two bills of exception for the reversal of the convictions and sentences. The first bill was taken to the refusal of the trial judge to give two special written charges requested by counsel for the defendants. The first of these charges deals with the meaning of "unlawfull possession" as charged in the bill of information, and the other contains a definition of the meaning of the word "marijuana" and the instruction that, for the jury to convict, the State must prove to its satisfaction and beyond a reasonable doubt that the marijuana alleged to have been possessed by the defendants was that kind of marijuana. The trial judge in his per curiam informs us:

■ "The court denied special charges No. 1 and No. 2 as presented to the court because both were unnecessarily lengthy, ambiguous, and would be confusing to the jury; and because in his general charge to the jury the writer covered their contents sufficiently and in language clearly understandable by the jury."

In connection with the first requested special charge, appellants contend that the general charge as given by the trial judge with reference to "unlawful possession" was incomplete, and that they were entitled to the specific instruction that mere constructive possession, without the State's proving that the possession was willful and unlawful, was not of itself sufficient to justify a conviction. In the general charge, which is in the record, the trial judge charged the jury that the word "willful" means "a deliberate intent to execute one's own will in defiance of law", and that the word "unlawful" means "in violation of law". He further charged that there are two kinds of possession, actual and constructive; that a thing is actually possessed when a person has its physical custody, and that a thing is constructively possessed when it is not in a person's physical custody but is somewhere else subject to his control. After charging the meaning of these terms, he further charged the jury that it must be satisfied beyond any reasonable doubt that the defendants, or either one of them, did willfully and unlawfully possess and have under their or his control the four cigarettes containing the dried form of the plant known as marijuana or gleanings thereof. We fully agree with the trial judge that the general charge covered the contents of this special charge in language clearly understandable to the jury and was sufficient. We find further, as did the trial judge, that this special charge was ambiguous, would have been confusing to the jury, and would have required explanation, and it was therefore correctly refused under the authority of Article 390 of the Code of Criminal Procedure, LSA–R.S. 15:390.

■ In the second special charge, counsel for the defendants requested the court to give the statutory definition of "canna-

bis" as set forth in LSA–R.S. 40:961(3). The trial judge's general charge gave the definition of "marijuana", the narcotic drug which the defendants were charged with unlawfully possessing and having under their control, as that term is defined in the statute, LSA–R.S. 40:961(12), and after giving this definition further charged the jury that in order for it to convict the defendants, or either of them, it must be satisfied beyond any reasonable doubt that they, or either of them, did willfully and unlawfully possess and have under their or his control the four cigarettes containing the dried form of the plant known as marijuana or gleanings thereof. The charge thus given, in our opinion, properly and correctly defined marijuana.

The other bill on which appellants rely was taken to the overruling of a motion in arrest of judgment, in which they contend that Act No. 30 of the First Extra Session of 1951, under which these defendants were prosecuted, is unconstitutional, null, and void because it was not reported to the Senate by a legal and valid committee of that body as required by Article 3, Section 24, of the Constitution of this state. The article relied upon provides that " * * * no bill shall be considered for final passage unless * * * the same has been reported on by a committee * * *." The official journal of the Senate discloses that the act under attack was reported favorably by the Finance Committee of that body, but appellants contend that this committee

was created in violation of the rules of the Senate, was an illegal committee, and therefore, in the constitutional sense, was no committee at all.

We have already concluded that this contention is without merit in the case of State v. Lawrence, La.Sup., 60 So.2d 464, wherein the appellant in Bill of Exception No. 5 argued that the act was unconstitutional on the identical grounds here urged. We said in that case that there was nothing illegal in the action of the Senate by which its rules of procedure were changed and its new committees formed, and cited in support of our conclusion Section 10 of Article 3 of the Constitution of 1921, which specifically authorizes each house of the Legislature to determine the rules of its procedure.

Appellants' real complaint is not that the act in question was not reported by a committee of the Senate, but that the Senate did not observe its own rules in creating the Finance Committee to which this bill was referred and which reported it.

If the Senate failed to observe its own rules when it created the committee which reported this bill, that fact cannot affect the validity of the act because it is well settled that an act of the Legislature will not be declared void or invalid for failure of the legislative body to observe its own rules of procedure. Such rules are usually formulated or adopted by the legislative body itself, and the observance of these rules is a matter entirely within its control and discretion and is not subject

to review by the courts as long as the legislative action does not violate some constitutional provision. Sutherland, Statutory Construction (Horack's 3d ed.), sec. 604, p. 126; Crawford, Statutory Construction, sec. 33, p. 54; 50 Am.Jur., Statutes, sec. 65, p. 85; State v. Brown, 33 S.C. 151, 11 S.E. 641; St. Louis & S. F. Ry. Co. v. Gill, 54 Ark. 101, 15 S.W. 18, 11 L.R.A. 452; Schweizer v. Territory, 5 Okl. 297, 47 P. 1094; State v. Cumberland Club, 136 Tenn. 84, 188 S.W. 583; McDonald v. State, 80 Wis. 407, 50 N.W. 185.

For the reasons assigned, the convictions and sentences are affirmed.