HAMITER, Justice.
A bill of information signed by the Assistant District Attorney for the Parish of Orleans charged that on the 27th day of June, 1951 Adam Lawrence, the defendant herein, “did wilfully and unlawfully possess and have under his control a narcotic drug, to-wit: six (6) capsules of heroin, a compound, derivative, mixture and preparation obtained from opium * * *.” On the back of the information there was placed an endorsement, among others, as follows:
“Information for VIO. [LSA] R.S. 40:962
“Filed July 6th., 1951.
(signed) M. C. Knatzer, Deputy Clerk.”
Tried by a jury the defendant was found guilty as charged. Thereafter, his counsel filed motions for a new trial and in arrest of judgment. In due course the court overruled these motions and sentenced the defendant to imprisonment in the Louisiana State Penitentiary for a term of ten years.
From the conviction and sentence the defendant is appealing, and he presents for our consideration five bills of exceptions.
When the court overruled a motion to quash, and permitted the state to correct or amend the above described endorsement appearing on the back of the information, defense counsel reserved bill of exceptions No. 1. The motion to quash was levelled at the endorsement, made by a deputy clerk of court for convenience and reference, which *866 incorrectly represented that the charge against defendant was for a violation of LSA-Revised Statutes 40:962. The clerk had omitted to add to that citation the words “as amended and re-enacted by Act No. 30 of the Extraordinary Session of 1951,” this later statute having increased the penalty of the crime with which defendant was properly charged in the body of the information without having changed the ingredients of the offense. But the mentioned omission of the clerk did not render the .information invalid as defendant insists. To ascertain the crime with which a defendant is charged, the body of the indictment or information is to be considered rather than an endorsement on its back, the latter constituting no substantive part of the charge. State v. De Hart, 109 La. 570, 33 So. 605; State v. Daniels, 122 La. 261, 47 So. 599; State v. McClellan, 155 La. 37, 98 So. 748, 31 A.L.R. 527.
The cases of State v. Wilson, 150 La. 873, 91 So. 249 and State v. Dent, 189 La. 159, 179 So. 67 (cited by defense counsel) are inapplicable here. They did not involve errors in or amendments to endorsements placed on the backs of informations.
Bill of exceptions No. 2 was reserved when the court permitted the state to introduce in evidence six capsules of heroin, defense counsel having objected to the offering on the ground that the articles ■had not been delivered to and held by the Clerk of the Criminal District Court pursuant to that Court’s Rule 20, the pertinent part of which reads: “Section 1. Property seized, with or without a search warrant, as evidence for use in connection with proceedings in this Court shall be delivered immediately to the Clerk of Court, and held by him subject to the order of the Court.” We find no merit in the bill. Notwithstanding that such rule was violated, neither it nor any law of which we have knowledge provides that the violation renders the property seized inadmissible in evidence. To this effect are our holdings in State v. Green, 160 La. 79, 106 So. 701 and State v. Shotts, 207 La. 898, 22 So.2d 209.
Under bill of exceptions No. 3 further complaint is made of the court’s permitting the introduction of the heroin in evidence, defendant contending that the six capsules had not been properly identified. Regarding this bill the trial judge states in his per curiam: “The six capsules of heroin were connected with the accused beyond any reasonable doubt by the testimony adduced.” From the record we find that some testimony was elicited by the state tending to provide the required identification. Whether or not it sufficed was a question of fact for the jury’s determination. Besides, at the conclusion of the state’s case defense counsel announced: “Your Honor, at this time, the defendant makes the judicial admission of the possession of this heroin for his own use as a drug addict.” The bill, therefore, is without merit.
*868 The -fourth bill 'of exceptions,' taken to the overruling of the motion for a new trial, presents the three complaints above discussed and passed upon.
In connection with bill of exceptions No. 5 defendant assigns error to the overruling of his motion in arrest of judgment. Under that motion defense counsel, to quote from his brief, contends that “The Act under which the defendant was prosecuted [Act No. 30, First Extra Session of 1951] is unconstitutional, null and void in that it was not reported to the.Senate by a legal and valid committee, as provided by Article 3, Section 24, Constitution of 1921 * * (Brackets ours) The constitutional provision to which counsel refers states that in each house of the Legislature “ * * * no bill shall be considered for final passage unless it has been read once in full, and the same has been reported on by a committee * * The Official Journal of the Senate of Louisiana for the First Extra Session of 1951 discloses that House Bill No. 30, which later became the statute under consideration, was reported on favorably by the Senate Committee on Finance. But counsel argues that this committee was created in violation of the rules of the Senate and, hence, was illegal and no committee - at all, the creation having occurred through and by means of a resolution, adopted by the Senate -by a vote of 32 yeas and 6 nays, which also changed the then existing Rule' No. 65 that had provided for the giving of one day’s previous written notice of an intention to amend the rules. In that action of the Senate, by which its rules of procedure were changed and its new committees formed, we find nothing illegal. Thereby no constitutional prohibition was offended, and the Senate acted pursuant to Section 10 of Article 3 of the Constitution of 1921 which specifically authorizes each house of the Legislature to choose its own officers, except the president of the Senate, and to determine the rules of its procedure.
For the reasons assigned the conviction and sentence are affirmed.