McCALEB, Justice.
Defendant is appealing from his conviction and sentence for possessing narcotics in violation of LSA-R.S. 40:962, as amended, relying on five bills of exceptions for a reversal.
He was arrested with one Thomas Herrin and Anderson Gray and was charged with them in- the same bill of information for possession of four marijuana cigarettes and the gleanings of marijuana. The State *1096 requested and was granted a severance in this defendant’s case and Herrin and Gray were convicted prior to his trial. Their convictions and sentences were affirmed here on appeal on July 3, 1952. See State v. Gray, 221 La. 868, 60 So.2d 466.
Bill of Exceptions No. 1 was reserved to the overruling of an alleged objection to the State’s offer in evidence of the gleanings, or leavings, of marijuana taken from defendant’s pockets at the time of his arrest. However, an examination of the evidence annexed to the bill does not show that defense counsel registered an objection to the introduction of the gleanings in evidence or to any of the testimony concerning the same. Hence, the contention made under the bill may not be reviewed, as a bill of exceptions based on the admission or rejection of evidence must be grounded on an objection and an adverse ruling at the time the evidence is tendered. Code of Criminal Procedure, LSA-R.S. 15:498; State v. Poole, 156 La. 434, 100 So. 613 and State v. Genna, 163 La. 701, 112 So. 655.
Bill No. 2 was taken when the Court refused to give two special charges, one allegedly covering the subject of possession of marijuana and the other the definition of the drug. This bill is identical with one of the two bills presented in State v. Gray, supra, by the same counsel representing defendant in this case. It was fully discussed in that matter and disposed of adversely to defendant. Therefore, as counsel does not advance anything new and fails to point out error in that decision, further consideration of the bill is unnecessary.
Bill of Exceptions No. 3 relates to an addition made by the district judge in granting a special charge requested by defendant. The special charge was to the effect that, if the information failed to allege that defendant unlawfully had in his possession a narcotic drug, no offense was charged and it would be the duty of the jury to acquit him. The judge gave the requested charge but added that, if the jury found that the information charged defendant with possession of marijuana and the gleanings of marijuana, it would be equivalent to a finding that the information charged possession of a narcotic drug because, by. Paragraph 13 of Section 961 of Title 40 of the LSA-Revised Statutes, marijuana is defined to be a narcotic drug. Counsel for defendant objected to the addenda to the charge and, when overruled, he reserved this bill.
We find no merit in the complaint. As a matter of fact, the requested charge was tantamount to a motion to quash the bill of information on the ground that it was sacramental to charge defendant in the language of the statute with possessing a narcotic drug, rather than with possessing marijuana, as was done. This was a question of law for the judge and not for the jury and it was correctly decided by the judge when he told the jury that the possession of marijuana was violative of *1098 the statute and that, since marijuana is defined therein as a narcotic drug, a charge of possession of that specific drug sufficiently set forth an offense.
Bill of Exceptions No. 4 was taken to the judge’s action in overruling a motion for a new trial, which embodies and reurges the other bills of exceptions hereto-for discussed together with the usual complaint that the verdict is contrary to the law and the evidence. Notwithstanding the well-settled jurisprudence that a complaint in a motion for a new trial that the verdict is contrary to law and evidence presents nothing for review,[1] counsel for defendant insists that we should consider whether the judge erred in refusing a new trial in view of Paragraph 5 of Article 509 of the Code of Criminal Procedure, LSA-R.S. 15:509, which provides that, even though the accused is not entitled to a new trial as a matter of law, the judge may, nevertheless, grant one when he is of the opinion that the ends of justice would be served.
Manifestly, the short answer to this contention is that the judge was not of the opinion that defendant was entitled to a new trial and he specifically so stated in his per curiam. In addition, apart from the constitutional restriction upon our appellate jurisdiction in criminal cases to questions of law alone,[2] it is clear that Paragraph 5 of LSA-R.S. 15:509 vests in the trial judge the exclusive discretion of determining those cases in which the accused should have a new trial where he is not entitled to it as a matter of legal right.
Bill No. 5 was taken when the Court overruled a motion in arrest of judgment in which defendant attacks the constitutionality of Act No. 30 of the First Extra Session of 1951, LSA-R.S. 40:962, under which he was prosecuted, on the ground that the Act was not reported to the Senate by a legal and valid Committee of that body and also claims that the bill of information charges no offense because it merely alleges that he possessed marijuana and gleanings thereof, failing to state that he possessed a narcotic drug.
The plea of unconstitutionality of Act No. 30 of the Extra Session of 1951, on the ground above set forth, has already been considered and rejected by this Court in State v. Gray, supra, and State v. Lawrence, 221 La. 861, 60 So.2d 464. Hence, further discussion would be inutile.
The attack upon the sufficiency of the bill of information, in that it fails to allege that defendant unlawfully had in his possession a narcotic drug, is the identical contention made by him in his Bill of Exceptions No. 3, which we have heretofore held was not meritorious.
The conviction and sentence are affirmed.

. State v. Ricks, 170 La. 507, 128 So. 293 and other cases too numerous to mention.

. Article 7, Section 10 of the Constitution.