PETTIGROVE, APPELLEE, *v.* RUPERT ET AL., APPELLANTS.

(No. 352—Decided June 28, 1956.)

*Mr. Francis M. Marley,* for appellee.
*Messrs. Meredith, Meredith & Tait,* for appellant The City Loan & Savings Company.

MIDDLETON, J.  This case is here on appeal from the Municipal Court of Fostoria on questions of law and fact and is heard *de novo.*

Plaintiff's action is one to marshal liens on an automobile held by the bailiff of the Municipal Court of Fostoria by virtue of an attachment and later a judgment and levy by the plaintiff in case number 0-428 on the docket of the Municipal Court of Fostoria.

The petition states that the defendant The City Loan & Savings Company has a claim against this automobile by virtue of a chattel mortgage.  In his petition, plaintiff asks that the defendant The City Loan & Savings Company be compelled to state the amount due on its mortgage; that the property be sold; and that the proceeds therefrom be applied to the satisfaction of the liens of the parties.

The defendant The City Loan & Savings Company filed an answer and cross-petition in which it sets out the note and mortgage it holds against the automobile, objects to the sale of

the automobile unless it can be sold for more than its claim, and prays that its rights be protected, that, if the automobile be ordered sold, the priority of the liens be determined, and upon final hearing, if ordered sold, that the proceeds therefrom be applied to the claim of The City Loan & Savings Company.

The case is submitted to the court upon an agreed statement of facts as follows:

"It is agreed that the plaintiff, Clarence Pettigrove, on October 16, 1954, filed an action against Robert Rupert in the Municipal Court of Fostoria, Ohio, in case No. 0-428 and on said date caused an attachment to be levied against a 1950 Buick 4 door automobile, title to which was in the name of Robert Rupert and on which motor vehicle The City Loan & Savings Company had a lien by way of a chattel mortgage dated August 25, 1954, the lien of which mortgage was noted in the office of the Clerk of Courts of Seneca County, Ohio, on August 30, 1954. Said lien was unpaid and uncancelled at the time of said attachment and the note secured by said mortgage at the time of said attachment had a balance of nine hundred ninety-nine and 60/100 dollars ($999.60).

"Said motor vehicle remained in the possession of the bailiff under said attachment until February 17, 1955, at which time the plaintiff, Clarence Pettigrove, obtained a judgment in said cause against the defendant, Robert Rupert, in the amount of one hundred twenty-four and 79/100 dollars ($124.79) together with costs and on said date caused an execution to issue against the 1950 Buick automobile owned by Robert Rupert on which the bailiff had levied an attachment and thereafter the bailiff caused said motor vehicle to be appraised and offered said property for sale on the 1st day of December, 1955, at which time said motor vehicle was sold to the plaintiff, Clarence Pettigrove, for the sum of two hundred twenty-five dollars ($225).

"That on November 5, 1954, when The City Loan & Savings Company, mortgagee, learned of said attachment a letter was directed to the Bailiff of the Municipal Court of Fostoria, Ohio, notifying said bailiff of the mortgage held by The City Loan & Savings Company. A photostatic copy of said letter of notification is attached hereto and made a part of this agreed statement of facts and marked as 'Exhibit A.'

"That discussion was had between the representatives of The City Loan & Savings Company, the bailiff, the plaintiff and the plaintiff's attorney concerning the release of the motor vehicle and on December 29, 1954, a letter was directed by The City Loan & Savings Company through its attorneys, Meredith, Meredith & Tait, to the bailiff of the Municipal Court of Fostoria, Ohio, advising said bailiff of the mortgage, the balance due thereon and that The City Loan & Savings Company would not be responsible for the accumulation of storage thereon. A photostatic copy of said letter is attached hereto, made a part of this statement and marked as 'Exhibit B.'

"On January 13, 1955, Francis M. Marley, Esquire, attorney for plaintiff, directed a letter to attorneys Meredith, Meredith & Tait concerning the motor vehicle, a copy of which letter is attached hereto, marked 'Exhibit C' and made a part hereof; that thereafter considerable correspondence and discussion was carried on between the parties concerning the release of the automobile and the payment of the costs. No satisfactory agreement was reached and thereafter and on the 19th day of February, 1955, the plaintiff filed a petition in the Municipal Court of Fostoria, Ohio, in case No. P-53 against Robert Rupert and The City Loan & Savings Company, which petition recited the attachment, the execution and the lien of The City Loan & Savings Company and which petition prayed that the property be sold and the proceeds applied to satisfy the liens. An answer and cross-petition was filed by The City Loan & Savings Company and the court found that the bailiff had custody of the automobile and that the court costs in case No. 0-428 and the court costs in case No. P-53 were the first and best liens against said property and after court costs the lien of The City Loan & Savings Company should be satisfied from the proceeds. The court ordered the sale of said automobile pursuant to said finding. Thereafter said motor vehicle was sold and the proceeds were ordered by the court to be applied first to the payment of costs in case No. P-53, including storage of two hundred four and 50/100 dollars ($204.50) or a total cost of two hundred twenty-one and 80/100 dollars ($221.80) and to the payment of costs in case No. 0-428 in the amount of eleven and 60/100 dollars ($11.60) leaving no funds to be applied in satisfaction

of the lien of The City Loan & Savings Company; that thereafter the court ordered that a title be issued to the purchaser, Clarence Pettigrove, to said Buick automobile free from any lien of The City Loan & Savings Company.

"It is further agreed that The City Loan & Savings Company, the mortgagee, was not a party in case No. 0-428; that no pleadings were filed by them therein and that no action in replevin or any other action was filed by The City Loan & Savings Company; that The City Loan & Savings Company was made a party in case No. P-53 and that said company therein set up its answer and cross-petition alleging its mortgage interest in said car as will be revealed by the pleadings filed herein."

The automobile has been sold and the liens of the parties attached to the proceeds of the sale, the priority of such liens to be determined by the order of distribution.

The automobile sold for $225. The amount due The City Loan & Savings Company at the time of suit was $999.60. The costs as taxed in case No. 0-428 amounted to $11.60, and the costs taxed in the present case in the Municipal Court amounted to $221.80, including an item of storage in the sum of $204.50.

The question presented is which liens, if any, are prior to the mortgage lien of The City Loan & Savings Company, and whether the costs in either of the two actions in the Municipal Court have priority over the mortgage lien of The City Loan & Savings Company by virtue of its chattel mortgage.

It is agreed that the mortgage of The City Loan & Savings Company is prior in point of time to plaintiff's claim or the commencement of the action referred to in this action; that the mortgage of The City Loan & Savings Company was properly executed and duly filed with the clerk of courts; that The City Loan & Savings Company was not a party in the attachment action or the action in which plaintiff recovered judgment against the owner of the automobile; and that both the plaintiff and bailiff had knowledge of the mortgage held by The City Loan & Savings Company.

The pleadings reveal that all actions were instituted by the plaintiff and not The City Loan & Savings Company; that the automobile was held in the possession of the bailiff under

writs issued by plaintiff; that sale was made in the suit to marshal liens under the execution levied pursuant to plaintiff's judgment; and that The City Loan & Savings Company, by answer and cross-petition, objected to the sale of the automobile unless it could be sold for more than necessary to discharge its mortgage, or, in the event the court ordered the sale, that its rights be protected, the priority of liens determined and the proceeds applied to its claim.

The City Loan & Savings Company did not ask that the automobile be sold or did it consent to its sale. All costs in case No. 0-428 were incurred by the plaintiff, and all expense of storage of the automobile was the result of the action by the plaintiff. The only cost in the present action incurred by The City Loan & Savings Company was the filing of its answer and cross-petition. No costs or expenses in either action were the result of any action instituted by The City Loan & Savings Company.

Section 4505.13, Revised Code, a part of the Ohio Certificate of Title Law, provides, in part:

"* * * any mortgage * * * or other similar instrument covering a motor vehicle * * * in the case of a certificate of title, if a notation of such instrument has been made by the clerk of the Court of Common Pleas on the face of such certificate, shall be valid as against the creditors of the mortgagor, whether armed with process or not, and against subsequent purchasers, mortgagees, and other lienholders or claimants."

The plaintiff, by his attachment of the automobile, his money judgment and subsequent levy could reach only such interest of his debtor therein, and plaintiff's interest and control over the property could be no greater than that of his debtor. *Ashley* v. *Wright*, 19 Ohio St., 291, at 293.

The lien of The City Loan & Savings Company, being prior in time, was prior in right, and no action taken by the plaintiff could subordinate the lien of The City Loan & Savings Company to that of the plaintiff.

"At common law there is no lien in favor of a garage keeper for storage; thus, a garage keeper can have no lien for the storage of an automobile as a mere garage keeper, unless such right of lien is conferred upon him by statute, and it fol-

lows that a chattel mortgagee of the automobile will have priority." 9 Ohio Jurisprudence (2d), 237, Chattel Mortgages, Section 106.

It is urged by the plaintiff that The City Loan & Savings Company could have recovered possession of the automobile and prevented the accumulation of storage charges. The City Loan & Savings Company could not resort to replevin as against the bailiff, by reason of the limiting provisions of Section 2737.02, Revised Code. *International Harvester Co. of America* v. *Anderson, Sheriff,* 30 Ohio App., 517, 165 N. E., 512.

The fact that other remedies might have been available to The City Loan & Savings Company to recover possession of the automobile is immaterial, as The City Loan & Savings Company was under no legal obligation to take any action to recover possession of the automobile or to prevent an accumulation of the bill for storage. It had the right to rely upon the prior lien it held by virtue of its mortgage.

In the opinion of the court the mortgage of The City Loan & Savings Company is the first and best lien on the automobile and the proceeds received from its sale, and is prior to any claim for costs in either case No. 0-428 or case No. P-53.

From the proceeds of the sale, The City Loan & Savings Company is entitled to have the money first applied to its lien before the payment of any expense for storage or other costs.

The costs in the action, however, may be apportioned between the parties as the court may deem reasonable and proper in the exercise of a sound discretion. As The City Loan & Savings Company alone will benefit by the sale of the automobile, and the costs incident to the sale are no greater than the costs of foreclosure of its mortgage, it is the order of the court that the costs in case No. P-53, not including any charge or expense for storage, be paid by The City Loan & Savings Company and that the costs in this court be paid by the plaintiff

*Judgment accordingly.*

QUATMAN, P. J., and YOUNGER, J., concur.