Dear Mr. Doughty:
You requested the opinion of this office regarding the legality of action taken by the Franklin Parish School Board (the "School Board") at a special meeting on April 8, 1998 to alter a resolution passed on March 30, 1998 which contained a proposed plan to be submitted to the United States Department of Justice in an effort to resolve school desegregation issues. Your request has been assigned to me for a response.
The issue, as I understand it, is whether the notice of the special meeting sufficiently identified the matters to be addressed at the meeting or whether there were sufficient votes among the School Board to raise the matter at the meeting.
Of primary concern are the rules of parliamentary procedure applicable to the School Board. La. R.S. 17:81, which sets forth the general powers of school boards, provides in pertinent part:
 C. Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
You indicate that the School Board has adopted Robert's Rules ofOrder, Newly Revised for reconsideration of actions, with the exception that a matter shall not be brought up for reconsideration within a thirty (30) day period except by a two-thirds vote of the School Board.
At its regular meeting on March 30, 1998, the School Board adopted a plan of action to be submitted to the Justice Department. That plan had been proposed by the Superintendent of Schools. In adopting the Superintendent's plan, the School Board specifically deleted three sentences. After learning from its attorney that the Justice Department would not accept the plan without the inclusion of the three sentences deleted at the March 30 meeting, the president of the School Board called a special meeting to be held on April 8, 1998 to "consider Justice Department information." At the special meeting, attended by 10 of the School Board's 11 members, the president announced that the purpose of the meeting was "to reconsider the deletion of sentences in item 6 of the proposal being presented to the Department of Justice."
As this was a reconsideration of the action taken at the March 30 meeting of the School Board, the School Board's policy required a two-thirds vote of its membership to bring the matter up. The minutes of the special meeting do not reflect that any such vote was taken. Furthermore, the 6 to 4 vote to reinsert the previously deleted sentences, even if it could be considered a tacit vote to take up the matter for reconsideration within 30 days of the original action, was insufficient because it did not meet the two-thirds vote of the membership requirement.
Robert's Rules of Order, Newly Revised requires previous notice be given if a motion to amend something previously adopted is to be adopted by a simple majority vote. With regard to the contents of the required notice, Robert's states:
 A requirement of previous notice means that announcement that the motion will be introduced — indicating its exact content as described below — must be included in the call of the meeting . . . at which the motion will be brought up . . .
The notice of the special meeting "to consider Justice Department information" did not satisfy the notice requirement set forth above. However, the failure of a legislative body to follow its own internal operating rules does not present a justifiable controversy, barring the violation of some external constitutional or statutory command. See, Brown v. Hansen,973 F.2d 1118 (3d Cir. 1992) and State v. Gray, 221 La. 868,60 So.2d 466 (1952). The violation of the School Board's internal rules of self-governance is a matter that must be resolved by that body.
As a question of state law, the sufficiency of the notice of the special meeting arises in connection with the Open Meetings Law, La. R.S. 42:4.1, et seq. The question of the sufficiency of the notice, or whether there was a sufficient vote to take up a matter not on the agenda, under La. R.S. 42:7 is moot. Any action taken in violation of that statute is merely voidable, and suit to void the action must be commenced within 60 days of the action. La. R.S. 42:9.
Therefore, it is the opinion of this office that while the action taken by the School Board at the April 8 meeting did not conform to the School Board's rules of self-governance, that action is not illegal. Furthermore, if that action violated La. R.S. 42:7, the action is valid, if no suit to void it was commenced within 60 days of April 8, 1998.
We trust this opinion provides you with the necessary information to satisfy your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
Date Received:
Date Released:
Randall A. KarrAssistant Attorney General